Devon Dante Harris Jr.
FULL NAME

COMMITTED NAME (if different)
Lerado Pre-Trial Facility
17801 Industrial Farm Road.
FULL ADDRESS INCLUDING NAME OF INSTITUTION
Bakersfield, CA 93308

2233777
PRISON NUMBER (if applicable)



FILED
CLERK, U.S. DISTRICT COURT

APR 24 2019

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEVON DANTE HARRIS,  PLAINTIFF, | **CASE NUMBER** |
|  | 2:19-CV-01397-AG (JDE) |
|  | *To be supplied by the Clerk* |
| v. | **FIRST AMENDED** |
| UNITED STATES ATTORNEY GENERAL, et al., | **CIVIL RIGHTS COMPLAINT** |
| DEFENDANT(S). | **PURSUANT TO** *(Check one)* |
|  | ☒ 42 U.S.C§§ 1983; 1964; 42 U.S.C.A. ₡200000 |
|  | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes  ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   The Original Civil Rights Complaint to this First Amended complaint was brought in this federal court while I was a prisoner.

a. Parties to this previous lawsuit:
Plaintiff *Devon Danie Harris Jr.*

Defendants *United States Attorney General, California, Nevada, Director of the Bureau of Prisons, Director of Department of Justice, Department of Justice, Does Unknown*

b. Court *United States District Court Central District of California Western Division*

c. Docket or case number *CV 19-01397-AG-(JDE)*

d. Name of judge to whom case was assigned *Magistrate Judge John D. Early*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) *Case was dismissed with leave to amend.*

f. Issues raised: *① Subjected to False Arrest and Imprisonment ② Victim of Discrimination ③ Sexually Humiliated ④ Victim of Double Jeopardy ⑤ Due Process Rights Violated ⑥ Victim of Intentional Physical Assault ⑦ Subjected to Intentional Inflicted Emotional Distress.*

g. Approximate date of filing lawsuit: *February 25, 2019*

h. Approximate date of disposition *April 3, 2019*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes ☐ No

   If your answer is no, explain why not *Filed Direct Appeal to Ninth Circuit Court of Appeals...*

3. Is the grievance procedure completed? ☒ Yes ☐ No

   If your answer is no, explain why not *Circuit Judges findings and Order is attached...*

4. Please attach copies of papers related to the grievance procedure. *Attached....*

## C. JURISDICTION : *Civil Rights Act of 1964. 42 U.S.C.A. §2000d: §202 American with disabilities Act of 1990: §504 of the Rehabilitation Act of 1973: 42 U.S.C §1983*

This complaint alleges that the civil rights of plaintiff *Devon Danie Harris Jr.*

(print plaintiff's name)

who presently resides at *17801 Industrial Farm Rd, Bakersfield, CA 93308*,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

*Fresno County Jail / Nevada Southern Det. center / U.S Penitentiary Lompoc / Kern County Jail*
*City of Fresno / City of Pahrump / City of Lompoc / City of Bakersfield*

(institution/city where violation occurred)

on (date or dates) April 17, 2017; April 21, 2017; June 15, 2017; August. 2017; September 12, 2017; December 20, 2017 etc

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant William Barr _____ resides or works at
   (full name of first defendant)
   950 Pennsylvania Avenue, NW, Washington, DC 20530-001
   (full address of first defendant)
   U.S. Attorney General _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
   Defendant Knowingly and intentionally violated plaintiffs U.S. Constitutional rights while acting within the scope of his employment while under color of state law.

2. Defendant United States Eastern District Court of California _____ resides or works at
   (full name of first defendant)
   2500 Tulare Street, Fresno CA 93721
   (full address of first defendant)
   U.S. Eastern District Court of California
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑individual  ☑official capacity.

Explain how this defendant was acting under color of law:
   Defendant knowingly and intentionally violated plaintiffs U.S. Constitutional Rights abusing their discretion within the scope of their employment while under color of state law.

3. Defendant Lawrence J. O'Neill _____ resides or works at
   (full name of first defendant)
   2500 Tulare Street, Fresno CA 93721
   (full address of first defendant)
   U.S. District Judge
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑individual  ☑official capacity.

Explain how this defendant was acting under color of law:
   Defendant knowing and intentionally violated plaintiffs U.S. Constitutional rights while acting within the scope of his employment while under color of state law.

---

4. Defendant __Jiar C. Hill__ _____ resides or works at
(full name of first defendant)

__1300 18th Street, Bakersfield CA 93301__
(full address of first defendant)

__U.S. Probation officer__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

__Defendant knowingly and intentionally violated plaintiffs U.S. Constitution__
__rights within the scope of his employment under color of state law.__

5. Defendant __Fresno County Jail__ _____ resides or works at

__1225 M. Street, Fresno, CA 93721__
(full name of first defendant)
(full address of first defendant)

__private correction facility__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

__Defendant conspired with government entities within the scope__
__of their employment under color of state law.__

6. Defendant __Fresno City California__ resides or works at
__State of California as a Municipality__
__Defendant individualy participated in the intentional deprivation__
__and violation of plaintiffs state and Federal Constitutional Rights__
__by allowing their employee(s) Fresno County Jail to violate plaintiffs__
__Constitutional Rights and continued to employ them...__

7. Defendant __Nevada Southern Detention Center resides or works at__
__2190 E. Mesquite Ave, Puhrump, NV 89060 as a__
__private detention center, who is being sued in their individual__
__capacity for conspiring with government officials to violate and__
__deprive plaintiff of his state and Federal Constitution Rights, while__
__acting within the scope of their employment under color of state law..__

8. Defendant __City of Puhrump Nevada resides or works at State of Nevada__
__as a municipal corporation formed in and existing within the State__
__of Nevada and at all times relevant to this Complaint the defendant City of__
__Puhrump employed defendant Nevada Southern Detention Center__
__in this action. Defendant is sued in their individual capacity for__
__knowingly and intentionally violating plaintiffs U.S. Constitutional__
__rights within the scope of their employment while under color__
__of state law...__

9. Defendant Lompoc United States Penitentiary resides or works at 3600 Guard Road, Lompoc California 93436 as a Government entity who is being sued in their individual and professional capacity as a federal prison. Defendant individually and intentionally decided among themselves to conspire with their Co-defendants to deprive plaintiff of his personal property of freedom and violated plaintiffs U.S. Constitutional Rights within the scope of employment under color of state law.

10. Defendant City of Lompoc California resides or works at state of California as a municipal corporation formed in and existing within the State of California and at all times relevant to this complaint the defendant City of Lompoc employed defendant Lompoc United States Penitentiary in this action, and individually authorized their conduct that was violative to plaintiffs U.S. Constitutional Rights. acting under color of law.

11. Defendant Correctional officer Mueller resides or works at 3600 Guard Road. Lompoc California 93436 as a correctional officer who is being sued in his individual and official capacity. Defendant individually and intentionally violated the plaintiffs State and Federal constitutional rights while acting within the scope of his employment under color of state law

12. Defendant Correctional officer Zuniga resides or works at 3600 Guard Road Lompoc California 93436 as a correctional officer who is being sued in his individual and official capacity. Defendant individually and intentionally violated the plaintiffs State and Federal constitutional rights while acting within the scope of his employment under color of state law.

4- A

13. Defendants) Lompoc Correctional officers unknown reside or work at 3600 Guard Road Lompoc California 93436 as officers Leiutenants, Wardens, counselors, case managers, and medical staff. these defendants are being sued in their individual and official capacities for individually and intentionally Violating plaintiffs state and Federal constitutional rights within the scope of their employment under color of state law.

14. Defendant   County of Los Angeles is a municipal corporation formed in and existing within the State of California and at all times relevant to this complaint defendant county of Los Angeles may have employed certain defendants who are the subject of this complaint.

15. Defendant   Kern County Jail is a private correctional facility who resides or works at 17695 Industrial Farm Rd, Bakersfield California 93308. Defendant conspired knowingly with government officials. individually and intentionally Violating plaintiffs state and Federal constitutional rights. while acting within the scope of their employment under color of state law.. Defendant is being sued in their individual and official capacity..

16. Defendant   Kern County Sherriff deputies unknown who reside or work at 17695 Industrial Farm Rd, Bakersfield, CA 93308. These defendants are being sued in their individual and official capacitities for their indivdual intentional violation of the plaintiffs state and Federal rights while knowingly acting within the scope of their employment under color of state law..

4 - B

17. Defendant City of Bakersfield resides or works at State of California as a municipal corporation formed in and existing within the State of California and at all times relevant to this complaint the defendant City of Bakersfield employed defendant Kern County Jail in this action and individually authorized their conduct that was violative to plaintiffs state and Federal constitution rights while acting within the scope of their employment under color of state law. Defendant is sued in their individual..

18. Defendant County of Kern is a municipal corporation formed in and existing within the State of California and at all times relevant to this complaint defendant County of Kern may have employed certain defendants who are the subject of this complaint.

19. Defendants United States Marshalls who resides or works at United States as government officials of the United States. These defendants identities are unknown. and they are being sued in their individual capacities for knowingly and intentionally violating the plaintiffs state and Federal constitutional rights while acting within the scope of their employment under the color of state law.

20. Defendant Federal Bureau of Prisons who resides or works at 7338 Shoreline Drive. Stockton, California 94105, as a government entity. Who individually knowing and intentionally violated the plaintiffs U.S. Constitutional rights while acting within the scope of their employment under color of state law. Defendant also allowed and authorized their employees to violate plaintiffs rights

21. Defendants officials, officers, agents, government entities unknown, are being sued individually for violating plaintiffs Constitutional Rights

4-C

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

1) The Plaintiffs Due Process Rights Under the Fourteenth Amendment of the U.S. Constitution were violated when the plaintiff was deprived of life, liberty, and property without being notified that plaintiff was charged with two violations of the same exact supervised release violation, plaintiff was not arraigned on any separate violation, plaintiff never was provided any pre-liminary hearing for a second violation, nor was plaintiff advised of any speedy trial or other due process rights associated with a second violation, in which plaintiffs life of nearly 9 months was deprived from him, plaintiffs liberty of nearly 9 months was deprived from him, and plaintiffs personal privacy was deprived from him for nearly 9 months. This was/caused by the Eastern District Court who while lacking all jurisdiction to issue any orders on a final federal sentence, vindictively ordered plaintiff to serve a separate term of imprisonment in federal custody for 18 months for the exact same Supervised Release Violation the Eastern District Court already had sentenced and convicted plaintiff of...

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

2) • The United States Attorney General Individually allowed the U.S. Eastern District Court to issue orders while lacking all Jurisdiction to issue any orders to deprive the plaintiff of his Due Process Rights of the Fourteenth Amendment of the U.S. Constitution. • The United States Attorney General Intentionally authorized plaintiffs final federal sentence to be enhanced without the findings of a Jury during Trial • The United States Attorney General failed to intervene in the deprivation of plaintiffs Due Process Rights Knowing that plaintiff would intentionally suffer irreparable injuries. • The United States Attorney General allowed plaintiff to be detained and imprisoned in federal prison illegally and unjustly for nearly nine months. • The United States Attorney General was individually responsible for the violation of plaintiffs Due Process rights for the fact that the United States Attorney General was to guarantee that plaintiff be released after completion of his federal sentence and not deprived of his freedom after completing his final federal sentence..

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

D. CLAIMS*                    CLAIM II

3) The following civil right has been violated: Plaintiffs Rights, privileges and immunities secured under the Eight, Fifth, and Fourteenth Amendments to the United States Constitution and by 42 U.S.C.A. §1983: Section §202 of the ADA; and the Rehabilitation Act of §504... Plaintiff was discriminated against because of his Mental Disability...

SUPPORTING FACTS:

4) Defendants Judge Lawrence J. O'Neill, U.S. Probation Jiar C. Hill, U.S. Eastern District Court of California, Bureau of Prison, Discriminated against the petitioner due to his Mental Disability for the sole purpose of depriving plaintiff of his property rights to freedom illegally while lacking all jurisdiction to do so. On April 17, 2017 at 2500 Tulare street in Fresno County, Fresno California at approximately 8:15 am. Defendant Lawrence J. O'Neill intentionally discriminated against the plaintiff because of plaintiffs mental disability and abused his discretion and authority without authority of law as a government official. The defendant Lawrence J. O'Neill's conduct in the performance of his discretionary functions as a state government official clearly was violative to plaintiffs established statutory and constitutional Rights when he ordered the plaintiff to be imprisoned for 18 months in the custody of the Federal Bureau of Prisons without the authority to do so, no reasonable judicial officer that is competent would have engaged in such Discriminatory conduct..

5) On this same day defendant U.S. Probation officer Jiar C. Hill acted as a testifying witness instead of a state Probation officer an conspired with defendant Lawrence J. O'Neill in which they both discriminated plaintiff due to plaintiffs mental illness.. Defendant Jiar C. Hill was the defendant that initiated the cause of action under discrimination

5-A

by testifying that the plaintiff shall be sent to the Federal Prison stating
that the plaintiff has a dual diagnosis and no program is fit to house and
care for plaintiff due to his diagnosis.. Defendant Jiar C. Hill was not to
make these assumptions and determinations. Defendant Jiar C. Hill was
only suppose to transfer plaintiff to a program on April 7, 2017 so that
plaintiff can spend his final 10 days of his 6 month federal sentence in
a residential Re-Entry Center.. The plaintiffs release date was April 17,
2017, instead of being released defendants effectively and vindictively
deprived plaintiff of his property rights to freedom by discrimination.

6) Defendant U.S. Eastern District court failed to correct the
act by disallowing Co-Defendants to violate judicial policies and
customs. Instead defendant U.S. Eastern District court of California
allowed defendants to abuse their official authority and furthered
their conduct by personally ordering their unlawful conduct
lawful, being deliberately indifferent to plaintiffs mental health
disability and diagnosis.. Together the defendants intentional
acts deprived plaintiff of his property rights to freedom due to
their discriminative conduct.

7) Defendant Federal Bureau of Prisons furthered their Co-Defendants
Discriminative conduct by denying the plaintiff of his property rights
to freedom, knowing that defendant bureau of prisons was individually
depriving the plaintiff of his property rights to freedom for the fact
defendant knew that plaintiff was to be released from their custody
lawfully on April 17, 2017.. Defendant didn't release plaintiff till the
day of December 20, 2017 approximately 8 months past plaintiff release date.

8) Defendants Judge Lawrence J. O'Neill, U.S. Probation Officer Jiar C.
Hill, U.S. Eastern Dist. Ct. of California, and defendant Federal Bureau of
prisons all violated plaintiffs rights, priviledges and immunities

secured under the Eight, Fifth, and Fourteenth Amendments to the
United States constitution individually and in concert with each
other enter giving rise to a claim under 42 U.S.C.A. §1983 for their
Constitution violative acts subjecting plaintiff to property damages.
and as well defendants violated both Section §202 of the ADA
which prohibits discrimination against the disabled by public entities,
and section §504 of the Rehabilitation Act which prohibits discrimination
against the disabled by recipients of federal funding, including
private organizations. All defendants are pubic entities who all
recieve federal funding; and all defendents discriminated against
the plaintiff because of his Mental Disability ... Therefore all
these defendants have violated both Section §202 of the ADA,
and section §504 of the Rehabilitation Act...

9)   Plaintiff suffers from Post Traumatic Stress Disorder (PTSD), Major
Depression Disorder, Suicide Idealation, Bipolar Disorder, Panic
Disorder, and has been treated for Homicidal Tendicios. Plaintiff has
been prescribed psychotic medications to maintain and stablelize
his mental disability, namelu; Buspar. Trausadone. Zoloft, Respidol,
Coladapine, Welbutrin, Beuprophrine, and syraquill. and currently is
prescribed 400mg. of Welbutrin and 600mg of Syroquill. Plaintiff
has been dependant on psychotic medication since April 2007 and
and has been certified as being mentally disabled on October, 5.2007
therefore, plaintiff was mentally disable when the defendants
individually decided amongst themselves to discriminate against against
plaintiff because of his mental disability and they individually
shall be held liable for the injuries they intentionally
inflicted upon plaintiff. resulting in the damages of plaintiffs
personal property to freedom and violation of his constitution Rights

D. CLAIMS                          CLAIM III

The following Civil Right has been violated: §504 of the Rehabilitation Act,

10) Plaintiffs Rights priviledges and immunities secured under the Eight, Fifth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C.A: §1983, and Bivens v. Six Unknown Agents 403 U.S. 388(1971). The plaintiff was deprived of his constitutional right to be free from Ulawful arrest and Unlawful actions by the following defendants, that caused the plaintiff's injury to his personal Property to freedom.

SUPPORTING FACTS:

11) Defendant Lawrence J. O'Neill violated §504 of the Rehabilitation Act when he individually discriminated against the plaintiff and caused the plaintiff to be falsely arrested and Falsely imprisoned from April 17, 2017 thru December 20, 2017 by abusing his judicial discretion by enforcing a state policy and custom while lacking all judicial authority to enforce a state policy and custom on the Date of April 17, 2017 at 8:15am in Fresno County Fresno California.. Defendant Lawrence J. O'Neill was at all times a recipient of federal funding when he individually decided to descriminate against plaintiff causing plaintiff to be falsely arrested and imprisoned violating plaintiff Constitutional property rights to freedom while acting under color of United States laws, policies, and customs...

12) Defendant Fresno County Jail, individually furthered Co-defendants(s) Vindictive Unlawful conduct by deciding to intentionally deprive plaintiff of his property rights to freedom by denying plaintiff to be releases from their custody and care from April 17, 2017 thru April 21, 2017. Defendant Fresno County Jail also is a recipient of federal funding and thus violated both plaintiffs U.S. Constitutional Rights and §504 of the Rehabilitation Act due to their individual intentional inflicted conduct...

5-D

1  Defendant Nevada Southern Detention Center individually furthered co-
2  Defendants Lawrence J. O'Neill vindictive discriminatory conduct by deciding
3  to intentionally deprive plaintiff of his property rights to freedom by denying
4  plaintiff to be released from their custody and care from April 21. 2017 thru
5  June 15. 2017. Defendant Nevada Southern Detention Center is a recipient of
6  federal funding and thus violated both plaintiffs U.S. Constitutional Rights and
7  §504 of the Rehabilitation Act due to their individual intentional inflicted conduct..

8   13) Defendant Lompoc U.S. Penitentiary individually furthered co-defendants
9  Lawrence J. O'Neill vindictive discriminatory conduct by deciding to intentionally
10  deprive plaintiff of his property rights to freedom by denying plaintiff to be
11  released from their custody and care from June 15. 2017 thru September 12.
12  2017. Defendant Lompoc U.S. Penitentiary is a recipient of federal funding and
13  thus violated both plaintiffs U.S. Constitutional Rights and §504 of the
14  Rehabilitation Act due to their individual intentional inflicted conduct.

15   14) Defendant Kern County Jail individually furthered co-defendants
16  Lawrence J. O'Neill vindictive discriminatory conduct by deciding to intentionally
17  deprive plaintiff of his property rights to freedom by denying plaintiff to be
18  released from their custody and care from September 12. 2017 thru December 20.
19  2017. Defendant Kern County Jail is a recipient of federal funding and thus violated
20  both plaintiffs U.S. Constitutional Rights and §504 of the Rehabilitation Act due to
21  their individual intentional inflicted conduct ...

22   15)  These violations of plaintiffs U.S. constitutional Rights and §504 Rehabili-
23  -tion Act took place in ; 2500 Tulare Street, Fresno County, Fresno California; Fresno
24  County Jail, 1225 M. Street, Fresno, California 93721 ; Nevada Southern Detention Center,
25  2190 E. Mesquite Ave., Pahrump, Nevada 89060 ; Lompoc U.S. Penitentiary, 3600 Guard
26  Road, Lompoc, California 93436 ; Kern County Jail, 17645 Industrial Farm Road, Bakersfield
27  California, 93308 ; Fresno County ; Pahrump County ; Los Angeles County; Kern County;
28  defendants shall be held accountable for their individual actions...

D. CLAIMS                              CLAIM IV

The following civil right has been violated: The U.S. Constitution Under
The Due Process Clause of the Fifth And Fourteenth Amendments were
violated by a municipality, government officials, and private
defendants who conspired with government officials under color
of state and territorial law. Also Section 8504 of the Rehabilitation
Act was violated due to the defendents intentional acts violative to
Section 8504 of the Rehabilitation Act since all defendants are
individual recipients of federal funding...

SUPPORTING FACTS:

16)        Defendants municipality, government officials, and private
County Jails and Detention centers, conspired with government
officials and municipality under color of state law and territorial law.
On April 17, 2017 the plaintiff was suppose to be released from federal
prison after completion of his six month federal sentence. Defendant
Municipality violated Rule 35(a) of the Federal Rules of Criminal Procedure
by altering plaintiffs federal sentence after it was completed after the 14
day deadline provided for in Rule 35(a) of the Federal Rules of Criminal
Procedure. Defendant Municipality lacked jurisdiction to alter the
plaintiffs sentence after the expiration of the 14-day deadline provided
for in Rule 35(a) of the Federal Rules of Criminal Procedure, and when the
Municipality altered plaintiffs completed sentence defendant municipality
was the moving force behind the violation of plaintiffs constitution
rights to Due Process of Law Under the Fourth FIFTH and FOURTEENTH
Amendments of the U.S. Constitution. Defendants Bureau of Prisons,
Fresno County Jail, Nevada Southern Detention center, Lompoc U.S. Penitentiary
and Kern County Jail, are government officials and private parties who conspired
with defendant municipality to further deprive plaintiff of his Dueprocess to freedom

5-F

D. CLAIMS                            CLAIM II

The following civil right has been violated: Sexual Humilition..

The Eight Amendment under cruel and unusual punishments of the U.S. Constitution. and the Fourteenth Amendment of the U.S. Constitution was violated when defendants federal prison officers assaulted plaintiff during the time plaintiff was falsely imprisoned.. Thus Bivens J. Six Unknown Agents 403 U.S. 388(1971) and section 8504 of Rehabilitation Act was violated as well for the defendants intentional acts described below which were committed while the defendants were recipients of federal funding...

SUPPORTING FACTS:

17)        On or about July 18, 2017 at Lompoc federal penitentiary. the plaintiff was phusically assaulted by a correctional officer who's name is unknown. Defendant Unknown Correctional officer slammed plaintiff face first on the concrete in the tunnel at Lompoc federal penitentiary. Defendant correctional officer Leiutenant unknown, tore off plaintiffs clothing in a public area and forced plaintiff to walk naked to the Leutenants office.. plaintiff was then sexually humiliated by being told to bend over naked at the waist spread his buttocks and cough three times. Defendant Leutenant unknown then forced plaintiff to walk naked hand cuffed and shackled down the main hallway past other inmates and female staff members. to the special housing unit.

18)        On or about August 2017 at Lompoc federal penitentiary. the defendants correctional officer Mueller and defendant correctional officer Zuniga. Repeatedly slammed the plaintiffs left wrist in the feeding slot during laundry exchange. Officer Zuniga then sprayed 'OC' spray directly into the plaintiffs eyes. Defendants were retaliating against plaintiff for filing of Greivances and administrative remedies. Plaintiff was not suppose to be in custody.

5-G

D. CLAIMS                          CLAIM VI

The following Civil Right was Violated:

The plaintiff's right to be free from unlawful ~~arrest~~ searches, and sexual Humiliation in violation of plaintiffs Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of United States and by 42 U.S.C.A. §1983 and section §202 of the ADA and section§ 504 of the Rehabilitation Act for intentional violations by public entities who recieve federal funding...

SUPPORTING FACTS:

19)  Defendant U.S. Eastern District Court abused its discretion on April 17, 2017 when defendant lacked all jurisdiction to alter plaintiffs sentence after the expiration of the 14-day deadline provided for Rule 35(a) of the Federal Rules of Criminal Procedure. Defendants intentional conduct caused the plaintiff to be deprived of his property rights to freedom, and other irrepareable injuries.

20)  Due to Defendants U.S. Eastern District Court of California's Unlawful actions. On April 17, 2017 and April 21, 2017 defendant U.S. Marshalls had conducted strip searches of plaintiff when he was admitted to Fresno County Jail. On April 21, 2017 and June 15, 2017 The defendants had conducted strip searches of plaintiff when he was transfered to Nevada Southern Detention Center and then transfered out of Nevada Southern Detention Center. On June 15, 2017 defendants correctional officers unknown conducted strip searches of plaintiff when he was transfered in to Lompoc U.S. Penitentiary by defendants U.S. Marshalls, and while at Lompoc U.S. Penitentiary defendants conducted numerous daily pat searches and random strip searches until September 12, 2017 which was the day defendants correctional officers at Lompoc conducted their final strip search of plaintiff before plaintiff was transfered to the custody of Kern County

5-H

1  sherriff defendants.. On September 12, 2017 defendants Kern County
2  sherriff deputies conducted pat searches on plaintiff. and then a strio
3  on plaintiff..

21) During the pat searches of plaintiff the defendants frisked plaintiff
5  including touching of plaintiffs arms. armpits. legs. crotch. chest. back. neck
6  and sides in the presence of female Marshalls, staff members, and officers.
7  plaintiff was then searched in his hair. ears. mouth and nose. Plaintiff
8  suffered irreparable harm from defendants actions, practices, policies and
9  procedures during plaintiffs unlawful imprisonment, in which sexually
10 humiliated plaintiff.

11 22) During the strip searches of plaintiff the defendents ordered the
12 plaintiff to remove all his clothing. including undergarments and hand them
13 to defendants who searched them. While also completely unclothed and
14 naked plaintiff was ordered to raise his arms over his head. then lift his
15 penis and scrotum sacs, then ordered to turn around a squat, spread his
16 buttocks and cough three times. then plaintiff was ordered to shower in
17 a open shower with other male inmates with no dividers. Throughout
18 these events plaintiff was watched by at least one Marshall, correctional
19 officer. and sherriff deputy defendant.

20 23) Plaintiff suffers from (PTSD) and Major Dipression Disorder as
21 well as suicidal idealation and during these events plaintiff wanted to
22 kill himself because those events activated plaintiffs (PTSD) disorder
23 and Major Dipression Disorder due to the sexually humiliating
24 events plaintiff was forced to endure unlawfully...

25 24) The defendants recieve federal funding so there intentionally
26 humiliating acts violated plaintiffs U.S. constitutional rights and as well
27 section§202 of the ADA and section§504 of the Rehabilitation Act.
28 defendants shall be held liable for their individual acts under color of law..

5-I

D. CLAIMS                    CLAIM VII

The following Civil Right has been violated:

25) Plaintiffs Eighth and Fourteenth Amendments of the U.S. Constitution were violated when the following defendants intentionally inflicted emotional distress upon the plaintiff. and defendants also are public entities who are recipients of federal funding and due to those findings defendants ~~medium violation~~ have violated sections 202 of the ADA and section §504 of the Rehabilitation Act for their intentional Discriminatory Acts.

SUPPORTING FACTS:

26) On April 17, 2017 defendant U.S. Eastern District Court of California, abused its descretion when defendant lacked jurisdiction to alter plaintiffs completed federal sentence after the expiration of the 14-day deadline provided for in Rule 35(a) of the Federal Rules of Criminal Procedure. Defendant intentionally inflicted emotional distress upon plaintiff by intentionally disregarding Rule 35(a) of the Federal Rules of Criminal Procedure an altered plaintiffs completed federal sentence forcing plaintiff to unlawfully be confined in federal prison for an additional eight months past plaintiffs legal release Date of April 17, 2017...

27) Defendant Fresno County Jail individually decided to conspire with defendant U.S. Eastern District Court of California and intentionally inflicted emotional distress upon plaintiff from April 17, 2017 thru April 21, 2017 from denying plaintiff his property rights to freedom...

28) Defendant Nevada Southern detention Center individually decided to conspire with defendants U.S. Eastern District Court of California, and Fresno county Jail furthering the conspiracy by intentionally inflicting emotional distress upon plaintiff from April 21, 2017 thru June 15, 2017 by denying plaintiff his property rights to freedom.. While detained and confined at

5-J

1  defendant Nevada Southern Detention Center the plaintiff was at all
2  times housed with convicted rapists, murderers, drug lords, pirates,
3  suicide bombers, extremeist, and notoreous gang leaders. Plaintiffs life
4  was constantly in danger, and plaintiff feared for his life. Inmates
5  were assaulted physically and sexually by other inmates, causing
6  plaintiff to be worried, frightened, nervous, and extreme pain and
7  suffering.
8  29)  Defendant U.S. Penitentiary Lompoc individually decided to conspire
9  with defendantes Fresno U.S. Eastern Dist. Court of California, Fresno County Jail,
10 and Nevada Southern Detention Center furthering the conspiracy by
11 intentionally inflicting emotional distress upon plaintiff from June 15, 2017
12 the day plaintiff was transfered to U.S. Penitentiary Lompoc, until december
13 September 12, 2017 the day defendant sent plaintiff out to the custody of
14 defendant Kern County Jail. Defendant U.S. Lompoc exposed plaintiff to
15 two violent riots that took place during the time plaintiff was in their
16 custody and numerous violent incidents, including staff assaults. Plaintiff
17 was housed in a three teir unit with at least 600 other inmates who
18 vary from murderers, lifers, Drug lords, King pins, Cartel members, and
19 other violent individuals. Plaintiff was forced to carry a prison made
20 shank on his person at all times, cause of the violent inmate population
21 at defendant U.S.P. Lompoc... Plaintiff suffered severe anxiety, and
22 was constantly in fear of his life. The defendant U.S.P. Lompoc is so
23 old that the floors obtained aspestos and many inmates were dying from
24 being exposed to said deadly material. Plaintiff was assaulted by prison
25 staff while being housed illegally at defendant U.S.P. Lompoc, and
26 became so depressed that plaintiff physically hung himself by
27 tying a bed sheet to the bars on the windows and tying the other end to
28 his kneck... Thus defendant inflicted severe emotional distress on plaintiff..

5-K

1    Defendant Kern County Jail individually decided to conspire with
2    defendants U.S. Eastern Dist. court of California, Fresno County Jail, Nevada
3    Southern Detention Center, and U.S.P. Lompoc, furthering the conspiracy
4    by intentionally inflicting emotional distress upon plaintiff from September
5    12, 2017 the day plaintiff was transfered to defendant Kern County Jail,
6    from the custody of defendant U.S.P. Lompoc ... Until the plaintiff was finally
7    released on December 20, 2017 ... While Unlawfully in Defendant Kern County
8    Jails custody, the plaintiff was assaulted by sherriff deputies, physically
9    frisked and searched, and was strip searched in the nude. Plaintiff
10   Sexually humiliated, and forced to cell up with inmates of the opposite
11   race.. This mortified plaintiff, and inflicted severe emotional distress.
12   30)  Defendant Federal Bureau of prisons intentionally inflicted
13   emotional distress by Unlawfully denying plaintiff of his property rights
14   to freedom, forcing plaintiff to remain in their custody and care and
15   federally funded ~~free~~ facilities from plaintiff release date of April 17, 2017
16   thru December 20, 2017 ... The federal Bureau of prisons did not have
17   lawful authority to detain plaintiff past April 17, 2017 causing plaintiff
18   to suffer severe emotional distress. Defendant Bureau of Prisons is
19   individually liable for their actions...
20   31)  Defendants have all individually violated Section §202 of the
21   ADA because they are public entities who have discriminated
22   against a mentally disabled individual, being the plaintiff, and as
23   well defendants have all violated Section §504 of the Rehabilitation
24   Act which prohibits discrimination against disabled by recipients
25   of federal funding, and each individual defendant is a lawful
26   recipient of federal funding... Defendants all acted under color of state law.
27   32)  Defendants shall be held accountable for their intentional
28   tortious acts that violated plaintiffs U.S. Constitution Rights ...

5-L

D. CLAIMS                        CLAIM VIII

The following civil rights have been violated:
The plaintiffs Fifth, Sixth and Fourteenth Amendment Rights were
violated. Plaintiff was denied his procedural rights of the Sixth
Amendment of the U.S. Constitution, his fifth amendment rights under
the double jeopardy clause, and his Fourteenth Amendment rights
under the Due Process, Clause, Double Jeopardy Clause, and Equal Protection
Clauses of the U.S. Constitution. Defendant also violated section §202
of the ADA and section §504 of the Rehabilitation Act...

SUPPORTING FACTS:

33) On April 17, 2017 defendant U.S. Eastern District Court of California,
discriminated against the plaintiff and altered the plaintiffs final
federal sentence that was already completed. Plaintiff was to be released
from federal prison on April 17, 2017 and instead defendant U.S. Eastern Dist.
Court of California subjected the plaintiff to double jeopardy by ~~advocate~~
altering plaintiffs sentence after the expiration of the 14-day deadline
provided for in Rule 35(a) of the Federal Rules of Criminal Procedure. The
defendant lacked all jurisdiction to issue any orders upon plaintiff pursuant
to Rule 35(a) .... Therefore defendant placed plaintiff's life in
jeopardy twice without Due Process, and caused plaintiff to be deprived
of nearly 9 months of his property rights to freedom...

34) On April 17, 2017, defendant U.S. Attorney General allowed the
~~the~~ plaintiffs life to be placed twice in jeopardy denying plaintiff
Due Process of law and Equal protection of U.S. laws. Defendant
knew co-defendant did not posses legal authority to act in their
judicial capacity, without causing plaintiff irreparable injury, and
~~failed~~ failed to intervene. Both defendants recieve federal funding and are public
entities and have also violated section §202 of the ADA and §504 of the Rehabilitation.

5-M

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1. A declaration declaring that the defendants actions have violated my rights.

2. Issue a preliminary injunction against defendants United States Eastern District Court of California, defendant Lawrence J. O'Neill, defendant U.S. Attorney General and other persons who conspired with them, from abusing their judicial discretion by altering a final federal sentence when they lack all jurisdiction to alter a final federal sentence after expiration of the 14-day deadline provided for in Rule 35(a) of the Federal Rules of Criminal Procedure.

3. Issue a permanent injunction against defendant United States Eastern District Court of California, defendant Lawrence J. O'Neill, defendant U.S. Attorney General and other persons who conspired with them, from abusing their judicial discretion by altering a final federal sentence when they lack all jurisdiction to alter a final federal sentence after expiration of the 14-day deadline provided for in Rule 35(a) of the Federal Rules of Criminal Procedure...

4. A judgement against defendants in the amount of $34,000,000 million dollars and zero cents in compensatory damages for violation of my State and Federal Constitutional Rights.

5. An award of $9,000,000 million dollars in punitive damages against each individual defendant for their intentional conduct.

6. Appointment of a civil attorney at defendants expense.

7. Restrain and freeze all individual defendants assets until conclusion of complaint.

8. Declare and Order each individual defendant liable for their intentional conduct violative to the prohibition §504 of the Rehabilitation Act.

9. I am entitled to a Civil Trial by Jury

10. Declare that each defendants actions was violative to the prohibition section §202 of the ADA

11. Additional Relief as the court may deem just and appropriate

12. An award of general Damages

13. On order requiring that defendants pay the legal cost and expenses herein, including reasonable provision for plaintiffs attorney fees

_April 21, 2019_
*(Date)*

_Deron D. Harris, J._
*(Signature of Plaintiff)*

# 2233777

DEVON D. HARRIS JR.

17801 INDUSTRIAL FARM RD.

BAKERSFIELD, CA 93308

PRO'SE LITIGANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEVON DANTE HARRIS JR.
PLAINTIFF

V.

UNITED STATES ATTORNEY GENERAL et al.
DEFENDANT(S)

CASE NO.: 2:19-CV-01397-AG-JDE

PROOF OF SERVICE

I HEREBY CERTIFY THAT ON April 21, 2019 , I SERVED A COPY OF THE ATTACHED First Amended Complaint BY PLACING A COPY IN A POSTAGE PAID ENVELOPE ADDRESSED TO THE PERSON(S) HEREIN AFTER LISED BY DEPOSITING SAID ENVELOPE IN THE UNITED STATES POSTAL MAIL AT 17801 INDUSTRIAL FARM RD. BAKERSFIELD CA 93308 :

TO: CLERK OF COURT
Southern Division
411 West Fourth Street, Suite 1053
Santa Ana, California
92701-4516

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE

AND CORRECT.   April 21, 2019        Devon D. Harris j.
                 Date                  Pro'Se Litigant

# ATTACHED EXHIBITS

# AND ADMINISTRATIVE REMEDIES

## Case No: 17-10180

### UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10180 |
| Plaintiff-Appellee, | |
| | D.C. No. 1:15-cr-00140-LJO |
| v. | Eastern District of California, Fresno |
| DEVON DANTE HARRIS, | |
| | ORDER |
| Defendant-Appellant. | |

Before:      WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

As the parties agree, the district court lacked jurisdiction to alter Harris's sentence after the expiration of the 14-day deadline provided for in Rule 35(a) of the Federal Rules of Criminal Procedure. *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011). Accordingly, appellee's motion for summary vacatur (Docket Entry No. 20) is granted in part. The second amended judgment, entered April 18, 2017, is vacated. *See id.*

On remand, the district court shall enter a new judgment reflecting the six-month custodial term imposed at Harris's original March 27, 2017, sentencing, but excluding the 27-month term of supervised release that was included in the March 28, 2017, written judgment but not orally pronounced. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (oral pronouncement of sentence controls).

**VACATED and REMANDED.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff - Appellee,<br><br>   v.<br><br>DEVON DANTE HARRIS,<br><br>              Defendant - Appellant. | No. 17-10180<br><br>D.C. No. 1:15-cr-00140-LJO-1<br>U.S. District Court for Eastern<br>California, Fresno<br><br>**MANDATE** |

The judgment of this Court, entered , takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

AO 245B-CAED(Rev. 11/2016) Sheet 1 - Judgment in a Criminal Case for Revocation

# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DEVON DANTE HARRIS** | **THIRD AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Probation or Supervised Release)<br><br>Criminal Number: **1:15CR00140-001**<br>Defendant's Attorney: CAROL MOSES, Appointed |

**THE DEFENDANT:**

[✓]  admitted guilt to violation of charge(s)   1   as alleged in the violation petition filed on   12/30/2016  .

[ ]  was found in violation of condition(s) of supervision as to charge(s) ____ after denial of guilt, as alleged in the violation petition
filed on ____

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Charge 1 | FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (TARZANA TREATMENT CENTER). | August 18, 2016 |

The court:   [✓] revokes:   [ ] modifies:   [ ] continues under same conditions of supervision heretofore ordered on   8/27/2007  .

The defendant is sentenced as provided in pages 2 through   2   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. [X] REMAND FROM NINTH CIRCUIT (Doc. 100)

[✓]   Charge(s)   2 and 3   are dismissed. [X] Appeal Rights Given.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/17/2017
Date of Imposition of Sentence

/s/ Lawrence J. O'Neill
Signature of Judicial Officer

Lawrence J. O'Neill, United States District Judge
Name & Title of Judicial Officer

12/20/2017
Date

Case 1:15-cr-00140-LJO   Document 101   Filed 12/20/17   Page 2 of 2

AO 245B-CAED(Rev. 11/2016) Sheet 2 - Imprisonment

DEFENDANT:DEVON DANTE HARRIS                                                                    Page 2 of 2
CASE NUMBER:1:15CR00140-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
<u>6 MONTHS.</u>

[✓]   No TSR: Defendant shall cooperate in the collection of DNA.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district
    [ ]   at ____ on ____
    [ ]   as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ]   before ____ on ____
    [ ]   as notified by the United States Marshal.
    [ ]   as notified by the Probation or Pretrial Services Officer.
    If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

_____
By Deputy United States Marshal

**U.S.C.A. No. 17-10180**

## IN THE UNTIED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES,

Plaintiff/Appellee,

v.

DEVON DANTE HARRIS

Defendant/Appellant,

On Appeal from the United States District Court
for the Eastern District of California

Honorable Lawrence J. O'Neill
United States District Judge

U.S.D.C. No. 1:15-cr-140

---

**APPELLANT'S EXCERPTS OF RECORD**

---

CAROLYN D. PHILLIPS
Attorney at Law
P.O. Box 5622
Fresno, CA 93755-5622
(559)248-9833

Attorney for
Defendant/Appellant
DEVON DANTE HARRIS

<u>INDEX</u>

## APPELLANT'S EXCERPTS OF RECORD

|  | Page No. | Docket No. |
|---|---|---|
| Notice of Appeal, May 4, 2017 | 1 | 75 |
| Second Amended Judgment In A Criminal Case, April 18, 2017 | 3 | 74 |
| Reporter's Transcript, Status Conference re sentence April 17, 2017 | 5 | 72 |
| Reporter's Transcript, Status Conference re Turning Point April 3, 2017 | 18 | 71 |
| Judgment In A Criminal Case, March 28, 2017 | 21 | 59 |
| Reporter's Transcript, Sentence Re Violation Petition, March 27, 2017 | 26 | 70 |
| Reporter's Transcript, Admission Re Violation Supervised Release, March 27, 2017 | 33 | 85 |
| Superseding Petition For Warrant or Summons For Offender Under Supervision Filed December 30, 2016 | 39 | 42 |
| Criminal Docket | 49 | -- |
| Certificate of Service | | |

i

**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

FILED

MAY 04 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNDERLINE UNITED STATES AMERICA, | ) | Case No :. 1:15 - CR - 140 LJO |
| _Plaintiff,_ | ) | |
| _Vs._ | ) | NOTICE OF DIRECT APPEAL |
| DEVON DANTE HARRIS JR., | ) | |
| _Defendant._ | ) | |

   _NOTICE IS hereby given that Devon Dante Harris Jr. , defendant in the above named case ,_

_hereby appeal to the United States Court Of Appeals for the Ninth District Circuit from the final_

_judgment entered in this action on the 17th day of April, 2017._

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES AMERICA, | ) | Case No : 1:15 - CR - 140 LJO |
| *Plaintiff,* | ) | |
| *Vs.* | ) | DECLARATION |
| DEVON DANTE HARRIS JR., | ) | |
| *Defendant.* | ) | |

*I am an inmate confined in an institution. Today is April 28, 2017 , I am depositing the NOTICE*

*OF DIRECT APPEAL in this case in the institutions internal mail system. First-Class Postage is being*

*prepaid by either me or by the institution on my behalf.*

*I DECLARE under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. §*

*1746 ; 18 U.S.C. § 1621 ))*

APRIL 28, 2017
DATE

Signature

000002

4/18/2017                          Snapshot - 1:15CR00140-001

### Case 1:15-cr-00140-LJO    Document 74    Filed 04/18/17    Page 1 of 2

AO 245D-CAED(Rev. 11/2016) Sheet 1 - Judgment in a Criminal Case for Revocation

# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Revocation of Probation or Supervised Release) |
| **DEVON DANTE HARRIS** | Criminal Number: **1:15CR00140-001** |
| | Defendant's Attorney: CAROL MOSES, Appointed |

**THE DEFENDANT:**

[✓]  admitted guilt to violation of charge(s)  __I__  as alleged in the violation petition filed on  __12/30/2016__ .

[ ]  was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Charge 1 | FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (TARZANA TREATMENT CENTER). | August 18, 2016 |

The court:  [✓] revokes:  [ ] modifies:  [ ] continues under same conditions of supervision heretofore ordered on  __8/27/2007__ .

The defendant is sentenced as provided in pages 2 through  __2__  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✓]  Charge(s)  __2 and 3__  are dismissed. [X] Appeal Rights Given.

Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| |
|---|
| 4/17/2017 |
| Date of Imposition of Sentence |
| /s/ Lawrence J. O'Neill |
| Signature of Judicial Officer |
| **Lawrence J. O'Neill, United States District Judge** |
| Name & Title of Judicial Officer |
| 4/18/2017 |
| Date |

000003

4/18/2017                                    Snapshot - 1:15CR00140-001

AO 245-CAED(Rev. 11/2016) Sheet 2 - Imprisonment

DEFENDANT:**DEVON DANTE HARRIS**                                      Page 2 of 2
CASE NUMBER:**1:15CR00140-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
18 Months.

[✓]   No TSR: Defendant shall cooperate in the collection of DNA.

[✓]   The court makes the following recommendations to the Bureau of Prisons:
     The Court recommends that the defendant be incarcerated in a TEXAS facility, but only insofar as this accords with security
     classification and space availability.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district

     [ ]     at ____ on ____.
     [ ]     as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     [ ]     before ____ on ____.
     [ ]     as notified by the United States Marshal.
     [ ]     as notified by the Probation or Pretrial Services Officer.
     If no such institution has been designated, to the United States Marshal for this district.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.


                                        _____
                                        United States Marshal


                                        _____
                                        By Deputy United States Marshal

000004

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

UNITED STATES OF AMERICA,       )
                                )  1:15-cr-140 LJO
          Plaintiff,            )
                                )  STATUS CONFERENCE RE
     vs.                         )  SENTENCE
                                )
DEVON DANTE HARRIS,             )
                                )
          Defendant.            )
                                )

Fresno, California                    Monday, April 17, 2017


REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES OF COUNSEL:

For the Government:        ROSS PEARSON
                           Assistant U.S. Attorney
                           2500 Tulare Street, Rm. 4401
                           Fresno, California  93721


For the Defendant:         CAROL MOSES
                           Attorney At Law
                           7636 N. Ingram Ave., Suite 104
                           Fresno, CA 93711


REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

2

1   Monday, April 17, 2017        Fresno, California

2   8:15 a.m.

3       THE COURT:  Let's call number 1 on calendar, United

4   States versus Harris, Action Number 140.

5       Your appearances, please.

6       MS. MOSES:  Good morning, your Honor.  Carol Moses

7   with Devon Harris, who is present in court, in custody.

8       THE COURT:  All right.

9       MR. PEARSON:  Good morning, your Honor.  Ross Pearson

10   for the government.

11       PROBATION OFFICER:  Good morning, your Honor.  J.C.

12   Hill, U.S. Probation.

13       THE COURT:  Okay.  I will admit, it is very difficult

14   to determine what's going on in this case.  What is?

15       MS. MOSES:  Would you like to hear from Mr. Harris?

16       THE COURT:  I would.

17       THE DEFENDANT:  What should I say?

18       THE COURT:  You need to tell me what's going on.  I

19   haven't a clue.  One minute, you want to go to treatment.  The

20   next minute, you don't.  One minute, you want a lawyer.  One

21   minute, you don't.

22       I want to know what you are doing.

23       THE DEFENDANT:  I want to go to treatment.  It's just

24   I mean, I guess I'm waiting on Probation.

25       THE COURT:  Well, no.  It is not a matter of waiting

3

1   on Probation.  It is a matter of figuring out what you want to

2   do.

3            You seem to me to be a pinball that is in

4   desperation, that is moving from one target to the other.  You

5   haven't a clue what you want to do.

6            You are a serious addict.  You are not facing up to

7   it.  When you get a program, you leave it.  When you have a

8   lawyer who tells you something you don't want to hear, you try

9   to leave her.

10            THE DEFENDANT:  Nobody ever told me --

11            THE COURT:  This is a problem with you, sir, not with

12   anybody else.  And you better come to grips with what's going

13   on in your life.

14            THE DEFENDANT:  My lawyer never told me nothing I

15   didn't want to hear.

16            THE COURT:  Well, do you want your lawyer?

17            THE DEFENDANT:  Yeah.

18            THE COURT:  You want to keep her?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  All right.  So where are we?

21            THE DEFENDANT:  I mean from my understanding, that I

22   was denied a program or to have help because of my mental

23   state.  So my motion was to get reevaluated, because when I

24   first seen them, it was inconclusive.

25            THE COURT:  From what I'm looking at in your case --

4

1      And Mr. Hill, you can correct me if I'm wrong, but he

2   has been provided programs and he simply doesn't complete them

3   and leaves.

4      PROBATION OFFICER:  Correct, your Honor.

5      THE COURT:  Well, how do we help you with that?  I

6   mean if Probation does do what it can to get you where you

7   need to be, but then you decide you don't want to be there, so

8   you leave.

9      THE DEFENDANT:  No, I don't --

10      THE COURT:  Look, you listen to what I'm saying for a

11   minute.  At some point in time, I'm going to stop focusing in

12   on you and I'm going to start focusing in on the community and

13   protect them from you.

14      And you know what that spells?  It doesn't spell a

15   program.  It spells prison, a long term in prison.

16      Now, if that's where you want to go, keep doing

17   exactly what you are doing.  Reject the help that's being

18   offered you, and that's what is going to happen.  I'm just

19   telling you straight out.

20      You need a dose of reality because you are not

21   accepting life as it is.  Tell me.

22      THE DEFENDANT:  Tell you what?

23      THE COURT:  Tell me what it is you are going to do.

24   Your words of what you want are empty.  I want to know what

25   you are going to do, not what you want.

000008

5

1          I don't care what you want anymore.  We are beyond

2     that.  We went down that road, and it didn't do any good.  You

3     tell me what you are going to do.

4          (Pause to wait for the defendant to respond.)

5          THE COURT:  I tell you what you don't need.  You

6     don't need to be coddled anymore.  You need a reality check in

7     life, and you are not accepting it.

8          And you know something, if you don't accept it, we

9     can't make you accept it, but what we can do is we can take

10    you out of society so that you are not a problem to it

11    anymore, you are not a threat to it anymore, because that's

12    all you are leaving us with.  That's your choice.

13          I don't know what else to say to you.  You can

14    believe me or you can say, "Well, he doesn't know what he is

15    saying," "He doesn't know what he is doing," "He is mean."

16          You can say all of the things you want to say.  You

17    can give me all the excuses you want to give me.  It doesn't

18    make any difference at this point.  You have proven to us that

19    you are not doing what you have said you wanted to do and you

20    are not doing what you have promised to do.

21          So you leave us only one choice, and that's called

22    prison.  I'm not hearing anything from you.

23          (Pause to wait for the defendant to respond.)

24          THE COURT:  Mr. Hill, do you see it a different way?

25          PROBATION OFFICER:  No, your Honor.

6

1    MS. MOSES:  I do, your Honor.

2    THE COURT:  I would like to see what you are looking

3  at because I'm sure not looking at what you are looking at.

4    MS. MOSES:  I recognize that you might not be, we

5  might not be on the same page, your Honor.

6    I know that Mr. Hill checked out Victory Outreach in

7  Bakersfield.  I did as well.  Mr. Hill tells me that Victory

8  Outreach does not want Mr. Harris because there would be a

9  transportation problem from the facility to the mental health

10  and to where he would obtain his medications.

11    There is a man who referred Mr. Harris to Victory

12  Outreach who would be able to -- and is a former employer of

13  Mr. Harris" -- who would be able to take him to get his

14  medication once a month and transport him to that facility.

15    I think that since he never had a halfway house, he

16  never had that option.  I would like to see that if it's

17  possible.

18    PROBATION OFFICER:  Your Honor, the transportation to

19  the mental health facility, that's just one concern of theirs.

20  But your Honor, it is an open house.  There is no full-time

21  medical physician at that facility, so if anything goes

22  sideways, there is no one there to help Mr. Harris.

23    And there is those transportation issues.  There is

24  safety issues.  There is knives.  There is equipment.  They

25  are not set up to handle someone with his dual diagnosis.

7

1   They are just not.

2          THE COURT:  Who is?

3          PROBATION OFFICER:  BOP, your Honor.

4          THE COURT:  Yeah.

5          Why do you disagree with him, if you do?

6      (Pause to wait for the defendant to respond.)

7          THE DEFENDANT:  Oh, you was talking to me?

8          THE COURT:  I am.

9          THE DEFENDANT:  I didn't hear you.

10         THE COURT:  What?  Did you hear what Mr. Hill just

11  said to me?

12         THE DEFENDANT:  Yeah, I heard what he said to you.

13         THE COURT:  Did you understand what he said?

14         THE DEFENDANT:  I mean he said there is knives and

15  stuff.  I mean there is knives and stuff in BOP.

16         THE COURT:  Well, now, that's not good news.

17         But I can tell you --

18         THE DEFENDANT:  I'm trying not to cut you off, but

19  when I was, I first was released, I was actually doing good.

20  I had two jobs.  I mean I was doing good.

21         My only issue was being around my family.  That's

22  where the issues started coming in, and that's where the

23  diagnosis came from, being around my family.

24         THE COURT:  It's their fault?

25         THE DEFENDANT:  No, it is not their fault.  Just an

8

1   unstable environment, you know what I'm saying?  And it

2   triggered me to use drugs, you know what I'm saying, and

3   that's what happened.  That's how I got dirty.

4         THE COURT:  You got triggered to use drugs because

5   you are an addict.

6         THE DEFENDANT:  I have been in prison eight years.

7   If you were to check my record in prison it would show that

8   I'm not an addict.  I got one dirty UA for using drugs.  And

9   then the other one was in the program.  I took a pain reliever

10  and they kicked me out because I didn't want to tell them

11  where I got the pill from, you know what I'm saying.  So

12  that's what's going on here.

13        THE COURT:  So you don't have a drug problem?

14        THE DEFENDANT:  I mean I need help, but I don't

15  have -- I don't depend on drugs.

16        THE COURT:  Well, why should we send you to a drug

17  program if you don't have a drug problem?

18        THE DEFENDANT:  It would be -- I mean that's why I'm

19  trying to talk to my P.O., because he is not -- I mean we

20  started off on a good note, but because I'm going to these

21  programs and things is happening in there, it is making it

22  look like that I must BS.

23        I really don't need a drug program.  I do need to see

24  mental health, yes.  And I mean like my P.O. is cool.  Like I

25  wish I could go back to where I got out in April 2015, and

9

1   went to a halfway house, and then we wouldn't be here.  He

2   wouldn't be having nothing bad to say about me because I would

3   be in a stable environment and still restricted because of --

4   RRC placement would have me on a still restricted, like I was

5   just got out of prison.  It would be the same rules and

6   everything.  They sent me straight to the streets.

7          THE COURT:  How old are you?

8          THE DEFENDANT:  I will be 32 this year.

9          THE COURT:  You are too young to admit you have a

10  drug problem.  You have a drug problem.

11          Doesn't he?

12          PROBATION OFFICER:  Yes, your Honor.

13          THE COURT:  Of course he does.

14          Anything else, Ms. Moses?

15          MS. MOSES:  No, your Honor.  Submit.

16          THE COURT:  All right.  Is there anything else you

17  want to tell me?

18          THE DEFENDANT:  I mean I don't know what else to say.

19          THE COURT:  I don't know what else you can say

20  either, especially when you really don't believe you have a

21  drug problem.  And you do.

22          You are going to come to a point in your life where

23  you are sick of your drug problem, and you are going to come

24  to a point in your life where you just simply admit you have

25  the problem you have.

10

1    But until you do, you are not helpable.  And so when

2  you are not helpable, my only function is to keep you away

3  from the community that is harmed by you.

4    Do you understand what I'm saying to you?  It is not

5  something --

6    THE DEFENDANT:  I understand exactly what you said.

7    THE COURT:  It is not something that I like to say.

8  It is not even a truth I like to come to.

9    But your Probation Officer doesn't want to see you

10  fail.  He is frustrated, just like we all are, with you.  We

11  don't know what else to do with you because you will not

12  accept the help, and you are never going to accept that help

13  until you admit the problem that you have.

14    So I tell you that so you will think about it maybe.

15  I'm hoping you will.

16    All right.  Does the government wish to be heard?

17    MR. PEARSON:  No, your Honor.  Submit it.

18    THE COURT:  Mr. Hill, anything else?

19    PROBATION OFFICER:  No, your Honor.

20    THE COURT:  How long has he been in now?

21    PROBATION OFFICER:  I need to make a correction on

22  the dispo memorandum, your Honor.  He has been in custody

23  since December 29, 2016, so a little over about four months.

24    THE DEFENDANT:  Mr. O'Neill?

25    THE COURT:  Yes.

11

1        THE DEFENDANT:  I got picked up at the hospital in

2   Northridge, so I have actually been in custody since

3   September 2016.

4        PROBATION OFFICER:  Yes, your Honor.  He has been

5   picked up by LAPD.  Then he got transferred to federal

6   custody.  Then we allowed him to go to WestCare in early

7   December 2016, for treatment.  Then he got kicked out of

8   WestCare.  Then the marshals picked him up again on

9   December 29th.

10       THE COURT:  So he was in custody on a state charge or

11  LAPD picked him up on?

12       PROBATION OFFICER:  Like a medical release, medical

13  hold, 5150.

14       THE DEFENDANT:  My P.O. violated me on a violation

15  the same violation.  They picked me up on September.  They

16  transported me to MDC-LA the same day.

17       So I was in federal custody since September, okay.

18  And December 30th -- no.  December 19, I got released to

19  WestCare.  On December the 30th, I came back to marshal

20  custody on the same violation.

21       PROBATION OFFICER:  Just to clarify, your Honor, the

22  cumulative time is about six months.  Between in and out of

23  federal custody and violations, it is about six months total

24  time.

25       THE COURT:  Okay.  All right.  The Court has received

12

1    and reviewed the superseding disposition and memorandum.

2           The Court notes the statutory maximum here is five

3    years.  It is a Grade C violation.  Criminal History Category

4    is IV.  The custody term is six to 12 months.

5           The Court does state that it has considered the

6    statutory provisions, including sentencing factors, under

7    3583(e) and policy statements issued by the Sentencing

8    Commission.

9           The Court does find that you violated the terms and

10   conditions of supervision as alleged in the petition filed on

11   December 30, 2016.  It is the judgment of the Court that

12   supervised release that was granted on August 27, 2007, is

13   revoked and you are committed to the custody of the Bureau of

14   Prisons for a term of 18 months with no supervision to follow.

15           Previously imposed criminal monetary penalties --

16   (Defendant stood up, attempting to leave.)

17           -- that remain unpaid shall remain in full force and

18   effect.  The system --

19   (Marshals are interacting with the defendant.)

20           MARSHAL:  He doesn't want to hear.

21           THE COURT:  He can leave.

22   (The defendant left the courtroom.)

23           THE COURT:  When you get a moment and a more rational

24   client timing, maybe you could explain to him that he has 14

25   days to appeal today's decision.  And if he wishes -- and of

13

1   course, he has a right to counsel if he wishes and he can't

2   afford it.

3          MS. MOSES:  Yes, I will.  Thank you.

4          THE COURT:  Thank you.

5     (The proceedings were concluded at 8:32 a.m.)

6         I, PEGGY J. CRAWFORD, Official Reporter, do hereby

7    certify the foregoing transcript as true and correct.

8

9   Dated:  18th of April, 2017     /s/ Peggy J. Crawford
                               PEGGY J. CRAWFORD, RDR-CRR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>DEVON DANTE HARRIS,<br><br>          Defendant. | 1:15-cr-140 LJO<br><br>STATUS CONFERENCE RE TURNING POINT |

Fresno, California                    Monday, April 3, 2017

REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL:**

For the Government:          **JEFFREY A. SPIVAK**
                             Assistant U.S. Attorney
                             2500 Tulare Street, Rm. 4401
                             Fresno, California  93721

For the Defendant:           **CAROL MOSES**
                             Attorney At Law
                             7636 N. Ingram Ave., Suite 104
                             Fresno, CA 93711

REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

000018

2

1   Monday, April 3, 2017                    Fresno, California

2   8:37 a.m.

3            THE COURT:  Number 2, United States versus Devon

4   Harris.

5            MS. MOSES:  Good morning, your Honor.  Carol Moses

6   with Devon Harris, who is present in court, in custody.

7            THE COURT:  All right.  How did we leave this at the

8   last status?

9            MR. SPIVAK:  Good morning, your Honor.  Jeff Spivak

10  for the United States.

11           THE COURT:  Thank you.

12           MS. MOSES:  Your Honor, the Court allowed Mr. Harris

13  to go into a halfway house, and he was to serve six months

14  there.

15           THE COURT:  Yes.

16           MS. MOSES:  And apparently, the halfway house will

17  not accept Mr. Harris.

18           THE COURT:  Do we know why?

19           PROBATION OFFICER:  Yes, your Honor.  J.C. Hill, U.S.

20  Probation.  May I approach, please.

21           THE COURT:  Sure, of course.

22      (Discussion was had at the sidebar off the record.)

23           THE COURT:  All right.  We will continue this out two

24  weeks, until the 18th of April.  That will give you enough

25  time -- let's see.  Is that right, the 18th?

3

1          THE CLERK:  The 17th.

2          THE COURT:  It would be the 17th, I think, two weeks

3    from today.

4          MS. MOSES:  17th is fine.

5          THE COURT:  Does that work?

6          MR. SPIVAK:  That's fine, your Honor.

7          PROBATION OFFICER:  That's fine.

8          THE COURT:  April 17th, 8:30, and that will give us

9    time to take a look at a separate and different program and

10   come back and chat at that time.

11         MS. MOSES:  Thank you, your Honor.

12         PROBATION OFFICER:  Thank you, your Honor.

13     (The proceedings were concluded at 8:40 a.m.)

14         I, PEGGY J. CRAWFORD, Official Reporter, do hereby

15      certify the foregoing transcript as true and correct.

16

17   Dated:  18th of April, 2017        /s/ Peggy J. Crawford
                                        PEGGY J. CRAWFORD, RDR-CRR
18

19

20

21

22

23

24

25

3/28/2017                                Snapshot - 1:15CR00140-001

AO 245D-CAED(Rev. 11/2016) Sheet 1 - Judgment in a Criminal Case for Revocation

# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DEVON DANTE HARRIS** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Probation or Supervised Release)<br><br>Criminal Number: **1:15CR00140-001**<br>Defendant's Attorney: CAROL MOSES, Appointed |

**THE DEFENDANT:**

[✓]  admitted guilt to violation of charge(s)   1   as alleged in the violation petition filed on   12/30/2016   .

[ ]  was found in violation of condition(s) of supervision as to charge(s) ____ after denial of guilt, as alleged in the violation petition filed on ____.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Charge 1 | FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (TARZANA TREATMENT CENTER). | August 18, 2016 |

The court:  [✓] revokes:  [ ] modifies:  [ ] continues under same conditions of supervision heretofore ordered on   5/9/2016   .

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✓]  Charge(s)   2 and 3   are dismissed. [X] Appeal Rights Given.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/27/2017
Date of Imposition of Sentence

/s/ Lawrence J. O'Neill
Signature of Judicial Officer

**Lawrence J. O'Neill**, United States District Judge
Name & Title of Judicial Officer

3/28/2017
Date

000021

AO 245-CAED(Rev. 11/2016) Sheet 2 - Imprisonment
DEFENDANT: DEVON DANTE HARRIS                                                    Page 2 of 5
CASE NUMBER: 1:15CR00140-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
6 Months.

[ ]   No TSR: Defendant shall cooperate in the collection of DNA.

[✓]   The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT TO SERVE THE SENTENCE AT THE TURNING POINT RESIDENTIAL RE ENTRY CENTER IN
BAKERSFIELD, CA. *** The defendant to be released to U.S. Probation and transported to Turning Point on April 7, 2017.

[✓]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district

    [ ]   at ____ on ____.
    [ ]   as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ]   before ____ on ____.
    [ ]   as notified by the United States Marshal.
    [ ]   as notified by the Probation or Pretrial Services Officer.

If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
United States Marshal

_____
By Deputy United States Marshal

3/28/2017                                    Snapshot - 1:15CR00140-001

Case 1:15-cr-00140-LJO   Document 59   Filed 03/28/17   Page 3 of 5

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT:DEVON DANTE HARRIS                                                        Page 3 of 5
CASE NUMBER:1:15CR00140-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
27 months Supervised Release with all previous conditions ordered on 5/9/16.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[✓]   You must cooperate in the collection of DNA as directed by the probation officer.

[ ]   You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ]   You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

000023

3/28/2017                                 Snapshot - 1:15CR00140-001

Case 1:15-cr-00140-LJO   Document 59   Filed 03/28/17   Page 4 of 5

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release                                    Page 4 of 5
DEFENDANT:DEVON DANTE HARRIS
CASE NUMBER:1:15CR00140-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

4.  You must answer truthfully the questions asked by the probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

000024

3/28/2017                                          Snapshot - 1:15CR00140-001

Case 1:15-cr-00140-LJO   Document 59   Filed 03/28/17   Page 5 of 5

AO 245-CAED(Rev. 11/2016) Sheet 3 - Supervised Release

DEFENDANT:DEVON DANTE HARRIS                                                Page 5 of 5
CASE NUMBER:1:15CR00140-001

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.  The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3.  The defendant shall provide the probation officer with access to any requested financial information.

4.  As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

5.  The defendant shall not open additional lines of credit without the approval of the probation officer.

6.  As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

7.  As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

8.  As directed by the probation officer, the defendant shall complete up to 20 hours of unpaid community service per week until employed for at least 30 hours per week or participating in a previously approved educational or vocational program.

9.  As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 1:15-cr-140 LJO |
| | ) |
| vs. | ) SENTENCE RE VIOLATION |
| | ) PETITION |
| DEVON DANTE HARRIS, | ) |
| Defendant. | ) |

Fresno, California                    Monday, March 27, 2017


REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES OF COUNSEL:

For the Government:          JEFFREY A. SPIVAK
                            Assistant U.S. Attorney
                            2500 Tulare Street, Rm. 4401
                            Fresno, California  93721

For the Defendant:          CAROL MOSES
                            Attorney At Law
                            7636 N. Ingram Ave., Suite 104
                            Fresno, CA 93711


REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

2

1    Monday, March 27, 2017                 Fresno, California

2    8:42 a.m.

3            THE COURT:  Number 4 on calendar, Devon Harris.

4            MS. MOSES:  Good morning, your Honor.  Carol Moses

5    with Devon Harris, who is present in court and in custody.

6            THE COURT:  Okay.

7            MR. SPIVAK:  Good morning, your Honor.  Jeff Spivak

8    for the United States.

9            THE COURT:  All right.  And your name, sir, is what?

10           THE DEFENDANT:  Devon Harris.

11           THE COURT:  Mr. Harris, there was an issue that I

12   received from you concerning whether or not you wanted new

13   counsel.  I received information later, not directly, but

14   through your counsel, to chambers, that you wished to withdraw

15   that request.

16           What do you want to do?

17           THE DEFENDANT:  Yeah.  I withdraw that.

18           THE COURT:  Withdraw it?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Are you doing it voluntarily?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Do you have any questions about it?

23           THE DEFENDANT:  No.

24           THE COURT:  Okay.  Do you have any -- have you had a

25   chance to review the dispositional memorandum with your

3

1   lawyer?

2   　　　　　THE DEFENDANT:  Yeah.

3   　　　　　THE COURT:  Do you have any questions that remain?

4   　　　　　THE DEFENDANT:  No.

5   　　　　　THE COURT:  The Court has received and reviewed the

6   motion to withdraw, which is now withdrawn itself, and the

7   Court grants that withdrawal.

8   　　　　　The Court has received the superseding petition and

9   the dispositional memorandum.  The statutory maximum is five

10  years.  It is a Grade C violation.  History Category is VI.

11  Custody term is six to 12 months, with a middle term

12  recommendation.

13  　　　　　Ms. Moses, do you wish to be heard?

14  　　　　　MS. MOSES:  I do, your Honor.  I want to encourage

15  the Court to follow the Probation Officer's recommendation.

16  Mr. Harris has, just this morning, asked if he could be sent

17  to a halfway house, to a reentry program for the remainder of

18  his in-custody time.

19  　　　　　THE COURT:  How long has he been in custody?

20  　　　　　MS. MOSES:  He has been in custody, I believe,

21  according to Mr. Hill, five months and eight days.

22  　　　　　THE COURT:  All right.

23  　　　　　MS. MOSES:  And this, I don't think that it's any

24  secret, Mr. Harris has a dual diagnosis issue going on with

25  him, and by going to a halfway house, he would be afforded the

4

1    opportunity to sort of get his feet on the ground and get

2    stable.

3           He would have the structure he required so he could

4    get himself a plan on meds, and he would be able to find a

5    job.  And it would be a transition into being by himself out

6    in the world.

7           And I think that this is something he has asked for

8    since he was originally sentenced to the 101 months before I

9    knew Mr. Harris, and then he, just this morning, requested

10   that I ask the Court of this again.

11          THE COURT:  Mr. Hill, what are your thoughts?

12          PROBATION OFFICER:  Your Honor, may I approach,

13   please.

14          THE COURT:  Sure, of course.

15       (Discussion was had at the sidebar off the record.)

16          THE COURT:  Mr. Harris, is there anything you want to

17   tell me?

18          THE DEFENDANT:  Just that after what I did, the eight

19   years, I never was sent to a halfway house, sent to a stable

20   environment, and I violated.

21          THE COURT:  Okay.  Our reluctance is that there are

22   risks here, obviously, no matter what we do.  We are trying to

23   figure out the best road here that give the fewer risks to you

24   and to the community at the same time, because it is not all

25   about you.  It is also about the community.

5

1         And so, all right. Anything else?

2         PROBATION OFFICER: No, your Honor.

3         MS. MOSES: No, your Honor.

4         MR. SPIVAK: Submit it, your Honor.

5         THE COURT: All right. Here's what I'm going to do.

6  I am going to -- well, first of all, you have -- the Court has

7  considered the statutory provisions and the 3583(e) factors

8  and the policy statements issued by the Sentencing Commission.

9         You have violated the terms and conditions as alleged

10  in the petition filed in December of 2016.

11        It is the judgment of the Court that supervised

12  release that was originally granted in August of 2007, is

13  revoked, and you are -- the Court is going to order that you

14  be committed to the custody of a halfway house for a six-month

15  period for the transitional aspects, with all the same terms

16  and conditions of release that you have followed in the past

17  or have been ordered for you to follow -- I'm not sure you

18  have been following all; otherwise, you wouldn't be here

19  now -- with the understanding that previously imposed criminal

20  monetary penalties that remain unpaid shall remain in full

21  force and effect.

22        And also with the understanding, I'm just telling

23  you, I'm just laying it out, putting it on the table for

24  everyone to strip down, see, and distill and understand,

25  including you, that if you violate any of the terms of your

6

1    release to the halfway house for this six-month period, that

2    I'm going to put you in prison for two years.

3           So that's worse than you would be doing today, but

4    the reason I would be doing that is to protect you from

5    yourself, really, and the community from you.

6           We are trying not to put out the inevitable.  At some

7    point in time, you are going to have to get out of this boat

8    and you are going to have to swim by yourself.  Nobody can go

9    with you for the rest of your life.  You know that.

10          And one of the major components here is that you take

11   your meds.  Now, if you don't take your meds, we know what

12   happens.  You know what happens too.

13          So I don't know what else to tell you.  Do you

14   understand what I have said?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you have any issues that I haven't

17   addressed?

18          PROBATION OFFICER:  No, your Honor.

19          MS. MOSES:  No, your Honor.

20          MR. SPIVAK:  No, your Honor.

21          THE COURT:  All right.  Then you have 14 days to

22   appeal.  That would be shocking.  But if you do, you must do

23   it in the 14 days.  And if you want to appeal and don't have a

24   lawyer that you can afford, let us know, and we will appoint

25   one for that purpose.  Do you understand?

7

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you accept these terms and conditions?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand that if you violate,

5     you are coming back, and it's going to be a very bad day for

6     you.

7          THE DEFENDANT:  I understand.

8          THE COURT:  Okay.  That's the order.

9          He is, by the way, ordered to be transported directly

10    to the program when they accept him.  He is not going to be

11    out between now and then.

12         MS. MOSES:  Yes.

13         PROBATION OFFICER:  Yes, your Honor.

14         THE COURT:  Thanks.

15    (The proceedings were concluded at 8:59 a.m.)

16         I, PEGGY J. CRAWFORD, Official Reporter, do hereby

17    certify the foregoing transcript as true and correct.

18

19    Dated:  18th of April, 2017        /s/ Peggy J. Crawford
                                        PEGGY J. CRAWFORD, RDR-CRR
20

21

22

23

24

25

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-CR-140-LJO |
| Plaintiff, | |
| vs. | ADMISSION OF VIOLATION OF SUPERVISED RELEASE |
| DEVON DANTE HARRIS, | |
| Defendant. | |

Fresno, California                    Monday, February 27, 2017

REPORTER'S TRANSCRIPT OF PROCEEDINGS

KAREN HOOVEN, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:      United States Attorney's Office
                        BY: JEFFREY A. SPIVAK
                        2500 Tulare Street
                        Suite 4401
                        Fresno, California 93721


For the Defendant:      **CAROL MOSES**
                        Attorney at Law
                        7336 N. Ingram Avenue
                        Suite 104
                        Fresno, California 93711

000034

3

1  Monday, February 27, 2017          Fresno, California

2  8:35 a.m.

3          THE COURT:  Devon Harris.

4          MR. SPIVAK:  Good morning, Your Honor.  Jeff Spivak

5  for the United States.

6          MS. MOSES:  Good morning, Your Honor.  Carol Moses

7  for Devon Harris, who's present in court and in custody.

8          THE COURT:  All right.  Has he been arraigned on the

9  superseding petition?

10          MS. MOSES:  Your Honor, he has not been arraigned on

11  the superseding petition.

12          THE COURT:  Do you want to proceed in that regard

13  first?

14          MS. MOSES:  Yes.  Your Honor, at this point we

15  acknowledge receipt of the superseding petition, waive formal

16  reading.  And at this point, Mr. Harris would be entering an

17  admission to Count One of the superseding petition with the

18  understanding that the other counts would be dismissed.

19          THE COURT:  Is that your understanding as well?

20          MR. SPIVAK:  Yes, it is, Your Honor.

21          THE COURT:  All right.  Sir, could you tell me your

22  name?

23          THE DEFENDANT:  Devon Harris.

24          THE COURT:  Mr. Harris, did you hear what your lawyer

25  just told me?

4

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Did you understand what she said?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Is that what you believe you want to do?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  You understand that if you wanted to

7   continue -- well, not continue to deny, but to deny these

8   allegations, that I -- you're entitled to a hearing.  And I

9   would set that hearing in a timely fashion.  You, of course,

10  would be at that hearing.  So would your lawyer for you.  The

11  government would have the burden of proving the allegations

12  against you.

13          They'd attempt to prove, by bringing in evidence and

14  witnesses, and you'd watch that happen.  Your lawyer would ask

15  questions or cross-examine on your behalf those witnesses.  If

16  you wanted to testify, you could.  If you decided you did not

17  want to testify, you would not have to and nobody would make

18  you do that or make a comment on the fact that you did not

19  testify.

20          You could bring in witnesses and evidence, we'd help

21  you get that here by the subpoena power of the court.  And

22  your hearing would be open to the public just like today's

23  hearing is.

24          Do you understand those hearing rights?

25          THE DEFENDANT:  Yes, sir.

5

1          THE COURT:  Do you have any questions about what they

2   mean?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Do you wish to give them up and admit?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  What's the most time that he could be

7   facing here as a result of the admission?

8          MR. SPIVAK:  Five years, Your Honor.

9          THE COURT:  Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Do you have any questions now at all?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  The Court accepts the knowing,

14   intelligent and voluntary waiver of rights, knowing,

15   intelligent and voluntary statement of understanding, both as

16   to the superseding charges and the rights.

17          Is there any reason I should not now take the

18   admission as to Count One?

19          MS. MOSES:  No, Your Honor.

20          MR. SPIVAK:  No, Your Honor.

21          THE COURT:  And what I will do, sir, is I will read

22   to you Count One.  Charge one.  And if you don't understand

23   something or you have a question, you need to tell me and

24   we'll take care of it right then.  Fair enough?

25          THE DEFENDANT:  Yes, sir.

6

1        THE COURT:  In the superseding petition, the

2    probation officer alleges that you violated the following

3    condition of supervision:  On August 18 of 2016, you were

4    terminated from Tarzana Treatment Center for 41 days in

5    violation of the special condition requiring you to reside and

6    participate in an inpatient drug treatment program for a

7    period of 120 days.

8        Do you admit or do you deny that charge?

9        THE DEFENDANT:  I admit, sir.

10        THE COURT:  The Court accepts the knowing,

11    intelligent and voluntary waiver of rights, knowing,

12    intelligent and voluntary admission as to Count One only.

13        And how does, say, March 27 at 8:30 look for

14    disposition?

15        MS. MOSES:  That's fine with the defendant.

16        MR. SPIVAK:  Yes, Your Honor.

17        THE COURT:  Done.  Anything else?

18        MS. MOSES:  No.  Thank you.

19        MR. SPIVAK:  Thank you, Your Honor.

20        THE COURT:  Okay.  Thanks.

21    (The proceedings were concluded at 8:38 a.m.)

22        I, KAREN HOOVEN, Official Reporter, do hereby certify

23    that the foregoing transcript as true and correct.

24

25    DATED:  25th of May, 2017        /s/  Karen Hooven
                                        KAREN HOOVEN, RMR-CRR

# UNITED STATES DISTRICT COURT
### Eastern District of California
### Superseding Petition For Warrant or Summons For
### Offender Under Supervision

Name of Offender:   Devon Dante Harris          Docket Number:   0972 1:15CR00140-01

Name of Judicial Officer:   Chief United States District Judge Lawrence J. O'Neill

Date of Original Sentence:   8/27/2007

Original Offense: Count 1:  U.S.C. § 1951 - Conspiracy to Interfere with Commerce by Robbery (Class C Felony); Count 2: 18 U.S.C. § 924(c)(1)(A)(ii) – Use or Carry a Firearm During and In Relation to, or Possess a Firearm in Furtherance of, a Crime of Violence (Class A Felony)

Original Sentence: 101 Months Bureau of Prisons; 60 Months Supervised Release; Mandatory Drug Testing; $200 Special Assessment; DNA Collection

Special Conditions:

Drug/Alcohol Treatment
Drug/Alcohol Testing
Mental Health Treatment
Aftercare Co-payment
Employment/Community Service
Access to Financial Records
Financial Disclosure
Not Dissipate Assets

Type of Supervision:   TSR

Date Supervision Commenced:   4/9/2015

Other Court Actions:

03/18/2015:          Probation Form 12B, Petition to Modify Condition, filed requesting a special condition be added for the offender to participate in a residential reentry center following his release from the Bureau of Prisons.

PROB 12C
                                                                    (07/13)

000039

RE: Devon Dante Harris                          Docket Number: 0972 1:15CR00140

Modification approved by the Honorable Valerie B. Fairbank in the Central District of California.

05/14/2015:      Jurisdiction transferred from the Central District (CR07-00390-VF) to the Eastern District of California.

10/13/2015:      Probation Form 12C, Petition for Warrant, filed with the Court alleging Charge 1) Unlawful Use of a Controlled Substance and 2) New Law Violation. Court ordered no bail arrest warrant.

12/10/2015:      The offender appeared before United States Magistrate Judge Jennifer L. Thurston for an Initial Appearance and denied the charges as alleged. The offender was detained and a Status Conference was scheduled for February 22, 2016.

02/22/2016:      The offender appeared before the Honorable United States Magistrate Judge Sheila K. Oberto for a Status Conference and admitted to Charge 1) Unlawful Use of a Controlled Substance. Charge 2 to be dismissed at sentencing. The offender was represented by counsel and the matter was continued to May 9, 2016, for a Dispositional Hearing.

05/09/2016:      Supervised Release revoked: 7 Months Bureau of Prisons, 36 Months Supervised Release. Previously imposed standard and special conditions of supervision to remain in effect with the following new special conditions: Search and seizure; Abstain from the use of alcoholic beverages; Participate in a cognitive behavioral treatment program; and Participate in a Residential Treatment Program at Tarzana Treatment Center for a period of up to 120 days.

07/09/2016:      Supervised Release re-commenced.

08/25/2016:      Probation 12C Petition for Warrant filed alleging the following violations: Charge 1) Failure to Reside and Participate in an Inpatient Drug Treatment Program (Tarzana Treatment Center); Charge 2) Failure to Notify Change of Address. Honorable Anthony W. Ishii ordered a no bail warrant.

12/14/2016:      Modification/Bail Review Hearing before the Honorable Barbara A. McAuliffe. Court ordered the releasee to be released directly to

000040

RE: Devon Dante Harris                          Docket Number: 0972 1:15CR00140

representatives of the WestCare residential treatment program to receive substance abuse treatment. Further proceedings in reference to the Probation 12C Petition for Warrant continued to March 2017.

---

## PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

☐ **TO ISSUE A SUMMONS**

☐ **OTHER:**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**        **Nature of Violation**

**Charge 1:**            **FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (TARZANA TREATMENT CENTER).**

On August 18, 2016, Mr. Harris was terminated from Tarzana Treatment Center after 41 days, in violation of the special condition requiring him to reside and participate in an inpatient drug treatment program for a period of 120 days.

**Charge 2:**            **FAILURE TO NOTIFY CHANGE OF ADDRESS.**

On August 18, 2016, Mr. Harris was terminated from Tarzana Treatment Center and he failed to provide the probation officer with a new address, in violation of standard condition number 6; the offender shall notify the probation officer at least ten days prior to any change in residence or employment.

**Charge 3:**            **FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (WESTCARE – FRESNO)**

On December 28, 2016, Mr. Harris was terminated from WestCare for using a controlled substance while participating in a residential treatment program, in violation of the special condition requiring him to participate in residential substance abuse treatment.

PROB 12C
                                                       (07/13)

000041

RE: Devon Dante Harris                                    Docket Number: 0972 1:15CR00140

**Justification:** By way of review, on July 9, 2016, Mr. Harris commenced his Court-ordered placement at the Tarzana Treatment Center which is located in the Central District of California. The purpose of the residential placement was to provide Mr. Harris with treatment for drug addiction and mental health counseling. During his initial adjustment at the facility, he sustained a few disciplinary actions which were addressed by his case manager at the facility.

Unfortunately, Mr. Harris' noncompliance continued to escalate. On August 18, 2016, a white powdery substance and a straw were found on Mr. Harris' bed. This was considered a violation of the facility's rules and regulations on drug possession. Further, Mr. Harris tested positive for opiates. When confronted about his involvement in the use of an opiate and positive drug test, Mr. Harris was not forthcoming with information. Therefore, he was deemed a program failure and terminated from the treatment program. On August 25, 2016, Probation Form 12C, Petition for Warrant was filed to recommend a no bail bench warrant.

On December 14, 2016, while represented by counsel Carol Moses, Mr. Harris appeared before the Honorable Barbara A. McAuliffe for a Modification and Bail Hearing. The Court approved the recommendation for Mr. Harris to enter the WestCare residential treatment program. Revocation proceedings were continued to March 2017 to access Mr. Harris progress in treatment.

On December 28, 2016, notification was received from the program director of Westcare that Mr. Harris is being terminated from the facility for use of a controlled substance. The program director agreed to allow Mr. Harris to remain in the facility while the undersigned officer submitted a Superseding Probation Form 12C Petition to recommend a no bail warrant.

**Custody Status/Location** – WestCare Residential Treatment Program at 2772 South Martin Luther King Jr Boulevard in Fresno, California.

**Detention:** Based on Mr. Harris' history and personal characteristics, as well as the nature and circumstances of the alleged violation conduct, Mr. Harris poses a risk of nonappearance and danger to the community. Further, Mr. Harris has prior suicide attempts and the undersigned officer is concerned about his health and the welfare of Mr. Harris. As such, it is recommended a no bail warrant be issued for Mr. Harris' arrest and he be brought before the nearest Duty Magistrate at which time continued detention will be recommended based on the risk of nonappearance and danger to the community.

PROB 12C
                                                                (07/13)

000042

RE: Devon Dante Harris                              Docket Number: 0972 1:15CR00140


**I declare under penalty of perjury that the following is true and correct.**


**EXECUTED ON:**   **December 28, 2016**
                   **Bakersfield, California**

                                          Respectfully submitted,


                                          /s/ Lonnie E. Stockton

                                          Lonnie E. Stockton
                                          Supervising United States Probation Officer
                                          Telephone: (661) 321-2816

**DATED:**   12/28/2016


                                          Reviewed by,


                                          /s/ Brian J. Bedrosian

                                          Brian J. Bedrosian
                                          Supervising United States Probation Officer


PROB 12C
                                                                  (07/13)

000043

RE: Devon Dante Harris                    Docket Number: 0972 1:15CR00140

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a no bail warrant.

☐ The issuance of a summons (copy to Defense Counsel).

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☒ Defendant is ordered detained, to be brought before District Judge forthwith.

☐ Initial appearance and detention hearing before Magistrate Judge.

IT IS SO ORDERED.

Dated: __December 29, 2016__      ____/s/ Lawrence J. O'Neill____
                                  UNITED STATES CHIEF DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Daniel J. Griffin

Defense Counsel: Carol Moses

United States Marshal Service

PROB 12C
(07/13)

000044

RE: Devon Dante Harris                          Docket Number: 0972 1:15CR00140

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Lawrence J. O'Neill
Chief United States District Judge
Fresno, California

                              RE:    Harris, Devon Dante
                                     Docket Number: 0972 1:15CR00140-01

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order**, the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

Charge 1:            **FAILURE TO RESIDE AND PARTICIPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (TARZANA TREATMENT CENTER)**

           a. **Evidence:**

               i.    Memorandum from Tarzana Treatment Center dated August 18, 2016, outlining Mr. Harris' possession of opiates and a positive drug test for opiates.

           b. **Witness:**

               i.    Desiree Gonzales-Long, Clinical Supervisor for Tarzana Treatment Facility, will testify about the nature and circumstances surrounding Mr. Harris' discharge from the facility on August 18, 2016.

PROB 12C
                                                                              (07/13)

000045

RE: Devon Dante Harris                                    Docket Number: 0972 1:15CR00140

**Charge 2:**              **FAILURE TO NOTIFY CHANGE OF ADDRESS**

    **b.  Witness:**

        i.    United States Probation Officer J.C. Hill will testify Mr. Harris failed to give notice within 10 days prior to any change in residence.

**Charge 3:**              **FAILURE TO RESIDE AND PARTICPATE IN AN INPATIENT DRUG TREATMENT PROGRAM (WESTCARE)**

    **a.  Evidence:**

        i.    Termination Notification from WestCare dated December 28, 2016, detailing the circumstances of Mr. Harris' violation.

Respectfully submitted,

/s/ Lonnie E. Stockton

**Lonnie E. Stockton**
**Supervising United States Probation Officer**
Telephone: (661) 321-3816

**DATED:**   12/28/2016
          Bakersfield, California

Reviewed by,

/s/ Brian Bedrosian

**Brian Bedrosian**
**Supervising United States Probation Officer**

PROB 12C
(07/13)

000046

RE: Devon Dante Harris                         Docket Number: 0972 1:15CR00140

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**    Devon Dante Harris        **Docket Number:**    0972 1:15CR00140

**Date of Original Offense:**    04/17/2007

**Original term of supervised release imposed: 5 years**

**Highest grade of violation alleged: C**

**Criminal History Category of offender: IV**

**Original guideline range: 101 to 111 months.**

**Chapter 7 range of imprisonment: 6 to 12 months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** *(choose one below)*

- ☒    Class A felony - 5 years
- ☐    Class B felony - 3 years
- ☐    Class C and/or D felony - 2 years
- ☐    Class E felony and misdemeanors - 1 year

**Violation requires mandatory revocation:  YES: ☒   NO: ☐**

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

PROB 12C
                                                (07/13)

000047

RE: Devon Dante Harris                                    Docket Number: 0972 1:15CR00140

**Positive/Failed Drug Tests after 11/02/2002:** Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

PROB 12C
                                                                    (07/13)

000048

2255,APPEAL,CLOSED,PROB22_IN

# U.S. District Court
## Eastern District of California - Live System (Fresno)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-00140-LJO-1

Case title: USA v. Harris
Related Case: 1:17-cv-00212-LJO

Date Filed: 05/14/2015

---

Assigned to: Chief Judge Lawrence J.
O'Neill

Appeals court case number: 17-10180
USCA

### Defendant (1)

**Devon Dante Harris**

represented by **Devon Dante Harris**
44762-112
NEVADA SOUTHERN DETENTION
CENTER
2190 E. MESQUITE AVE.
PAHRUMP, NV 89060
PRO SE

**Carol Ann Moses**
Carol Moses
Attorney At Law
7636 N. Ingram Ave., Suite 104
Fresno, CA 93711
(559) 449-9069
Fax: (559) 513-8530
Email: camoses@yosemitelawyer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randall Bruce Dickow**
Law Office of Randall B. Dickow
1309 L Street
Bakersfield, CA 93301
(661) 631-1617
Fax: (661) 396-1973
Email: lexrex@bak.rr.com
*TERMINATED: 12/10/2015*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

### Pending Counts

### Disposition

000049

None

## Highest Offense Level (Opening)

None

## Terminated Counts

None

## Highest Offense Level (Terminated)

None

## Complaints

18:3605 Transfer of Jurisdiction over a
Probationer

**Disposition**

**Disposition**

---

**Plaintiff**

**USA**                                          represented by **Daniel J Griffin**
United States Attorney's Office
2500 Tulare Street, Suite 4401
Fresno, CA 93721
559-497-4000
Email: Daniel.Griffin2@usdoj.gov
*TERMINATED: 01/19/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Jeffrey A. Spivak , GOVT**
United States Attorney's Office
2500 Tulare Street
Suite 4401
Fresno, CA 93721
(559) 497-4073
Email: jeffrey.spivak@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/14/2015 | 1 | *LODGED* Proposed Order re Probation 22 In as to Devon Dante Harris. (Gonzalez, R) (Entered: 05/14/2015) |
| 05/14/2015 | 2 | TRANSFER of JURISDICTION (PROBATION 22 In) signed on 5/14/2015 as to Devon Dante Harris from Central District of California. DEFENDANT |

| | | |
|---|---|---|
| | | TERMINATED. CASE CLOSED. (Marrujo, C) (Entered: 05/14/2015) |
| 05/28/2015 | 3 | TRANSFER DOCUMENTS RECEIVED from Central District of California re Probation 22 as to Devon Dante Harris. (Attachments: # 1 plea agreement, # 2 docket sheet)(Robles, S) (Entered: 05/28/2015) |
| 10/14/2015 | 4 | PETITION FOR VIOLATION OF PROB/SUPVSD RELEASE (PROB FORM 12C) signed by District Judge Anthony W. Ishii on 10/13/2015. The Court orders issuance of ARREST WARRANT for defendant Devon Dante Harris. (Martin-Gill, S) (Entered: 10/14/2015) |
| 12/10/2015 | 6 | SHACKLING MINUTE ORDER, signed by Magistrate Judge Jennifer L. Thurston on 12/10/2015: Pursuant to Local Rule 401, the Court hereby determined that the appropriate restraint level for Devon Dante Harris is Fully Shackled (USM # 44762-112). (Hall, S) (Entered: 12/10/2015) |
| 12/10/2015 | 7 | MINUTES (Text Only) for proceedings before Magistrate Judge Jennifer L. Thurston: INITIAL APPEARANCE RE REVOCATION OF SUPERVISED RELEASE as to Devon Dante Harris held on 12/10/2015. True name stated as charged. Oral motion for appointment of counsel by defendant (CJA 23 rec'd)- So Ordered, Attorney Randall Dickow (Initial Appearance Only) appointed. Defendant acknowledged receipt of petition; advised of rights, charges, maximum penalties. DENIAL ENTERED. DETENTION HEARING held, submitted- Defendant ORDERED DETAINED. U.S. Marshal Service directed to alert the jail of defendant's mental status. **Status Conference set for 12/21/2015 at 01:30 PM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.** Government Counsel: Brian Delaney present. Defense Counsel: Randall Dickow present. Probation Officer: Jiar C. Hill present. Custody Status: (C) - FULLY SHACKLED. Court Reporter/CD Number: ECRO/FTR (Hall). (Hall, S) (Entered: 12/10/2015) |
| 12/10/2015 | 9 | NOTICE of ATTORNEY APPEARANCE: Randall B. Dickow (Initial Appearance Only) appearing for Devon Dante Harris. (Hall, S) (Entered: 12/10/2015) |
| 12/10/2015 | 10 | DETENTION ORDER, signed by Magistrate Judge Jennifer L. Thurston on 12/10/2015 as to Devon Dante Harris. (Hall, S) (Entered: 12/10/2015) |
| 12/11/2015 | 11 | ARREST WARRANT RETURNED Executed on 10/14/15 as to Devon Dante Harris. (Martin-Gill, S) (Entered: 12/11/2015) |
| 12/15/2015 | 12 | NOTICE of ATTORNEY APPEARANCE: Carol Ann Moses appearing for Devon Dante Harris. Attorney Moses, Carol Ann added. (Moses, Carol) (Entered: 12/15/2015) |
| 12/18/2015 | 13 | REQUEST for *Defendant to be Housed in Fresno* by Devon Dante Harris (Moses, Carol) (Entered: 12/18/2015) |
| 12/21/2015 | 14 | MINUTES (Text Only) for proceedings before Magistrate Judge Sheila K. Oberto: FIRST STATUS CONFERENCE re SUPERVISED RELEASE VIOLATION and REQUEST FOR HOUSING IN FRESNO as to Devon Dante Harris held on 12/21/2015. Defense counsel withdrew the request for the defendant to be housed in Fresno and requests a further Status Conference on 1/25/2016 - no objection. **Second Status Conference re Supervised Release Violation set for 1/25/2016, at 01:30 PM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe.** Government Counsel: D. Griffin present. Defense Counsel: C. Moses present. Custody Status: Custody. Court Reporter/CD Number: K. Hooven. (Timken, A) (Entered: |

| | | 12/21/2015) |
|---|---|---|
| 01/25/2016 | 15 | MINUTES (Text Only) for proceedings before Magistrate Judge Stanley A. Boone: SECOND STATUS CONFERENCE RE VIOLATION OF SUPERVISED RELEASE as to Devon Dante Harris held on 1/25/2016. The parties requested a continuance as they are trying to resolve. The Court continues the hearing to 2/22/2016 at 01:30 PM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. Government Counsel: D Griffin present. Defense Counsel: Carol Moses present. Custody Status: (C) Fully Shackled. Court Reporter/CD Number: ECRO O Rosales. (Hernandez, M) (Entered: 01/25/2016) |
| 02/22/2016 | 16 | MINUTES (Text Only) for proceedings before Magistrate Judge Sheila K. Oberto: THIRD STATUS CONFERENCE as to Devon Dante Harris held on 2/22/2016. Defense counsel advised the defendant would like to admit. The parties consent to the magistrate judge for the purpose of taking the admission. The defendant was advised of rights; ADMITTED count 1. **Sentencing set for 3/21/2016, at 10:00 AM in Courtroom 2 (AWI) before District Judge Anthony W. Ishii.** Government Counsel: M. Alsworth on behalf of D. Griffin present. Defense Counsel: C. Moses present. Probation Officer: J.C. Hill present. Custody Status: Custody - FULLY SHACKLED. Court Reporter/CD Number: ECRO / O. Rosales. (Timken, A) (Entered: 02/23/2016) |
| 03/11/2016 | 17 | STIPULATION and PROPOSED ORDER for Continue Sentencing to May 9, 2016. (Moses, Carol) (Entered: 03/11/2016) |
| 03/11/2016 | 18 | STIPULATION and ORDER as to Devon Dante Harris signed by District Judge Anthony W. Ishii on 3/11/2016. **Sentencing currently set for 3/21/2016 is moved to 5/9/2016 at 10:00 AM in Courtroom 2 (AWI) before District Judge Anthony W. Ishii.** (Kusamura, W) (Entered: 03/11/2016) |
| 05/02/2016 | 19 | MEMORANDUM by Devon Dante Harris. *Dispositional Memorandum* (Moses, Carol) (Entered: 05/02/2016) |
| 05/03/2016 | 20 | CLERK'S NOTICE of DOCKET CORRECTION re 19 Memorandum - CR: Please disregard document as re incorrect defendant. Attorney to re-file correct document. (Sant Agata, S) (Entered: 05/03/2016) |
| 05/03/2016 | 21 | MEMORANDUM by Devon Dante Harris. *Dispositional Memorandum* (Moses, Carol) (Entered: 05/03/2016) |
| 05/09/2016 | 22 | MINUTES (Text Only) for proceedings before District Judge Anthony W. Ishii: SENTENCING RE SUPERVISED RELEASE VIOLATION as to Devon Dante Harris held on 5/9/2016. Supervised Release previously granted 8/27/2007 is revoked and the Defendant is committed to the custody of the Bureau of Prisons for a term of 7 months. Upon release from imprisonment, the Defendant shall be placed on Supervised Release for a term of 36 months. Special Conditions 1-9 were stated on the record. Motion by the Government to Dismiss Charge 2 was GRANTED. Government Counsel: Daniel Griffin present. Defense Counsel: Carol Moses present. Custody Status: Custody. ECRO: Esther Valdez. (Rosales, O) (Entered: 05/10/2016) |
| 05/13/2016 | 23 | **REVOCATION JUDGMENT** and COMMITMENT, as to Devon Dante Harris (1), signed by District Judge Anthony W. Ishii on 5/13/2016. (Rosales, O) (Entered: 05/13/2016) |
| 08/25/2016 | 24 | PETITION FOR VIOLATION OF PROB/SUPVSD RELEASE (PROB FORM 12C) |

| | | signed by District Judge Anthony W. Ishii on 8/25/16. The Court orders issuance of ARREST WARRANT for defendant Devon Dante Harris. (Martin-Gill, S) (Entered: 08/25/2016) |
|---|---|---|
| 09/26/2016 | 26 | TRANSFER DOCUMENTS RECEIVED from Central District of California re Rule 5(c)(3) as to Devon Dante Harris. # 1 CJA 23) (Robles, S). (Entered: 09/26/2016) |
| 10/12/2016 | 27 | MINUTES (Text Only) for proceedings before Magistrate Judge Jennifer L. Thurston: INITIAL APPEARANCE RE REVOCATION OF SUPERVISED RELEASE as to Devon Dante Harris held on 10/12/2016. True name stated as charged. Oral motion for appointment of counsel by defendant (CJA 23 rec'd)- So Ordered, Attorney Carol Moses appointed. Defendant advised of rights, charges, maximum penalties. DENIAL ENTERED. DETENTION HEARING held, submitted- Defendant ORDERED DETAINED. Status Conference set for 11/2/2016 at 02:00 PM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe. Government Counsel: Daniel Griffin (VTC) present. Defense Counsel: Carol Moses (VTC) present. Probation Officer: Lonnie Stockton present. Fresno CRD: W. Kusamura (VTC) present. Custody Status: (C)- FULLY SHACKLED. Court Reporter/CD Number: ECRO/FTR - Hall. (Hall, S) (Entered: 10/12/2016) |
| 10/12/2016 | 29 | DETENTION ORDER, signed by Magistrate Judge Jennifer L. Thurston on 10/12/2016 as to Devon Dante Harris. (Hall, S) (Entered: 10/12/2016) |
| 10/14/2016 | 30 | ARREST WARRANT RETURNED EXECUTED on 9/26/2016 as to Devon Dante Harris. (Jessen, A) (Entered: 10/14/2016) |
| 11/02/2016 | 31 | MINUTES (Text Only) for proceedings before Magistrate Judge Barbara A. McAuliffe on 11/2/2016: 1st STATUS CONFERENCE re Violation of Supervised Release as to Devon Dante Harris - held. Atty Moses has spoken to Govt and Probation, needs further investigation. 2nd STATUS CONFERENCE re Violation of Supervised Release set for 12/7/2016 at 02:00 PM in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone. Government Counsel: Daniel Griffin - present. Defense Counsel: Carol Moses - present. US Probation Jose Pulido - present. Custody Status: in Custody FULLY (USM # previously added for Dft) - present. Court Reporter/CD Number: ECRO - Jami Dean. (Herman, H) (Entered: 11/02/2016) |
| 12/07/2016 | 32 | MINUTES (Text Only) for proceedings before Magistrate Judge Stanley A. Boone: STATUS HEARING RE VIOLATION OF SUPERVISED RELEASE as to Devon Dante Harris held on 12/7/2016. Defense counsel informs the Court that she is trying to contact Westcare. The Court sets a further Status Conference for 1/4/2017 at 02:00 PM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto. Government Counsel: Daniel Griffin present. Defense Counsel: Carol Moses present. Custody Status: (C) Fully Shackled. Court Reporter/CD Number: ECRO O Rosales. Probation Officer C Bou (Hernandez, M) (Entered: 12/07/2016) |
| 12/08/2016 | 33 | PROPOSED ORDER re to Place Case on Calendar on December 14, 2016 by Devon Dante Harris. (Moses, Carol) (Entered: 12/08/2016) |
| 12/09/2016 | 34 | ORDER to place defendant Devon Dante Harris on December 14, 2016 calendar. Signed by Magistrate Judge Stanley A. Boone on 12/8/2016 as to Devon Dante Harris. (Hernandez, M) (Entered: 12/09/2016) |
| 12/14/2016 | 35 | MINUTES (Text Only) for proceedings before Magistrate Judge Barbara A. McAuliffe on 12/14/2016: Modification re BAIL REVIEW as to Devon Dante Harris (1) - held. |

Discussion. Court questions defendant. Court Orders Defendant RELEASE as: 90 day program at WestCare; defendant will be transported from Lerdo to the US Marshal's office in Fresno on 12/19/2016 where - DELAY Release until 12/19/2016 at 10:00AM from the US Marshal Office in Fresno to *WestCare staff*; defendant shall obey all rules and regulations of WestCare; all previously imposed conditions remain in full force & effect that are not in conflict with the modified conditions of release. **REVIEW HEARING (towards the end of 90 program) is set for 3/1/2017 at 02:00 PM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe.** Government Counsel: Daniel Griffin - present. Defense Counsel: Carol Moses - present. US Probation Jose Prado for J.C. Hill - present. Custody Status: in Custody FULLY (USM # previously added for Dft) - present. Court Reporter/CD Number: ECRO - Q. Rosales. (Herman, H) (Entered: 12/14/2016)

| 12/15/2016 | 36 | STIPULATION and PROPOSED ORDER for Continue Status Conference to March 1, 2017. (Moses, Carol) (Entered: 12/15/2016) |
| 12/16/2016 | 37 | STIPULATION to Continue Status Conference to March 1, 2017; ORDER thereon as to Devon Dante Harris - Status Conference re Violation of Supervised Release is continued from January 4, 2017 before Judge Oberto to **March 1, 2017 at 2:00 PM before in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe.** Defendant will begin a 90 day WestCare program on 12/19/2016. signed by Magistrate Judge Barbara A. McAuliffe on 12/15/2016. (Herman, H) (Entered: 12/16/2016) |
| 12/16/2016 | 38 | ORDER SETTING CONDITIONS of RELEASE signed by Magistrate Judge Barbara A. McAuliffe on 12/16/2016 as to Devon Dante Harris (1). (Jessen, A) (Entered: 12/16/2016) |
| 12/16/2016 | 39 | APPEARANCE AND COMPLIANCE BOND signed by Magistrate Judge Barbara A. McAuliffe on 12/16/2016 as to Devon Dante Harris. (Jessen, A) (Entered: 12/16/2016) |
| 12/29/2016 | 40 | MINUTE ORDER (TEXT ENTRY ONLY) - The court finds it necessary to reassign this action from the docket of Senior District Court Judge Anthony W. Ishii. Clerk of the Court is DIRECTED to randomly assign this action to a Fresno District Court Judge, signed by District Judge Anthony W. Ishii on 12/29/2016. (Kusamura, W) (Entered: 12/29/2016) |
| 12/29/2016 | 41 | CLERK'S NOTICE (text only): This Case has been Assigned to Chief Judge Lawrence J. O'Neill. New Case Number is 1:15-cr-140 LJO. (Flores, E) (Entered: 12/29/2016) |
| 12/30/2016 | 42 | PETITION FOR VIOLATION OF PROB/SUPVSD RELEASE (PROB FORM 12C) signed by Chief Judge Lawrence J. O'Neill on 12/29/2016. The Court orders issuance of ARREST WARRANT for defendant Devon Dante Harris. (Flores, E) (Entered: 12/30/2016) |
| 12/30/2016 | 44 | ARREST WARRANT RETURNED Executed on 12/30/2016 as to Devon Dante Harris. (Flores, E) (Entered: 12/30/2016) |
| 01/03/2017 | 45 | MINUTES (Text Only) for proceedings before Magistrate Judge Sheila K. Oberto: INITIAL APPEARANCE re SUPERVISED RELEASE VIOLATION as to Devon Dante Harris held on 1/3/2017. Defendant advised of charges and rights; waived further reading of charges and statutory and constitutional rights. Defendant entered DENIAL. The matter of detention submitted without argument - ordered DETAINED. **Status Conference set for 1/23/2017, at 02:00 PM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe.** Government Counsel: D. Griffin present. |

000054

| | | Defense Counsel: C. Moses, appointed, present. Probation Officer: T. Mechem, present. Custody Status: Custody - FULLY SHACKLED. Court Reporter/CD Number: ECRO/ O. Rosales. (Thorp, J) (Entered: 01/03/2017) |
|---|---|---|
| 01/03/2017 | 46 | DETENTION ORDER re SUPERVISED RELEASE VIOLATION as to Devon Dante Harris. Order signed by Magistrate Judge Sheila K. Oberto on 1/3/2017. (Thorp, J) (Entered: 01/03/2017) |
| 01/19/2017 | 48 | DESIGNATION of COUNSEL FOR SERVICE., attorney Daniel J. Griffin terminated. (Spivak, Jeffrey) (Entered: 01/19/2017) |
| 01/23/2017 | 49 | MINUTES (Text Only) for proceedings before Magistrate Judge Barbara A. McAuliffe on 1/23/2017: **1st HEARING:** 1st STATUS CONFERENCE re Violation of Supervised Release as to Devon Dante Harris - held Atty Moses request trail. **2nd HEARING:** Atty Moses request Contested Hearing before DJ. *CONTESTED HEARING re Violation of Supervised release; set for 3/1/2017 at 01:30 PM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill.* NOTE: from a hearing on 12/14/16 (Doc. 35) - *the Court Vacates the 2:00PM status conference for March 1, 2017 before Judge McAuliffe*; defendant was Ordered Detained on 1/3/2017 (Doc 46) by Judge Oberto. Government Counsel: Jeffrey Spivak - present. Defense Counsel: Carol Moses - present. US Probation J.C. Hill - present. Custody Status: in Custody FULLY (USM # previously added for Dft) - present. Court Reporter/CD Number: ECRO - O. Rosales. (Herman, H) (Entered: 01/23/2017) |
| 01/30/2017 | 50 | MINUTE ORDER (TEXT ENTRY ONLY) DUE TO THE UNAVAILABILITY OF THE COURT: Contested Hearing currently set for 3/1/2017 has been ADVANCED to 2/27/2017 at 10:30 AM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill signed by Chief Judge Lawrence J. O'Neill on January 30, 2017. (Munoz, I) (Entered: 01/30/2017) |
| 02/13/2017 | 51 | MOTION to VACATE, Set Aside or Correct Sentence under 28 U.S.C. 2255 by Devon Dante Harris. (Hellings, J) Civil case 1:17-cv-00212-LJO opened. (Entered: 02/14/2017) |
| 02/23/2017 | 52 | MINUTE ORDER (TEXT ENTRY ONLY) Admit Hearing set for 2/27/2017 at 08:30 AM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill signed by Chief Judge Lawrence J. O'Neill on February 23, 2017. (Munoz, I) (Entered: 02/23/2017) |
| 02/27/2017 | 53 | MINUTES (Text Only) for proceedings before Chief Judge Lawrence J. O'Neill: INITIAL APPEARANCE re SUPERSEDING SUPERVISED RELEASE VIOLATION as to Devon Dante Harris held on 2/27/2017. Defendant advised of charges and rights; waived further reading of charges and statutory and constitutional rights. Defendant entered ADMISSION to Charge One. Sentencing set for 3/27/2017 at 08:30 AM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill. Government Counsel: Jeffrey Spivak present. Defense Counsel: Carol Moses present. Custody Status: CUSTODY. Court Reporter/CD Number: Karen Hooven. (Munoz, I) (Entered: 02/28/2017) |
| 03/13/2017 | 54 | MOTION to Withdraw Plea by Devon Dante Harris. (Marrujo, C) (Entered: 03/14/2017) |
| 03/21/2017 | 55 | MOTION to DISMISS Indictment or Information by Devon Dante Harris. (Lundstrom, T) (Entered: 03/21/2017) |

| 03/22/2017 | 56 | MOTION to produce discovery material including wire taps, video surveilance and charging papers by Devon Dante Harris. (Lundstrom, T) (Entered: 03/22/2017) |
| --- | --- | --- |
| 03/27/2017 | 57 | MINUTES (Text Only) for proceedings before Chief Judge Lawrence J. O'Neill: SENTENCE RE-VIOLATION PETITION as to Devon Dante Harris held on 3/27/2017. Defendant's request to withdraw his 54 MOTION to Withdraw Plea -GRANTED. Supervised release granted on August 27, 2007, is hereby revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of 6 months. Defense counsel request that the remaining custody be served at a halfway house. No objection by USA. Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect. Supervised Release will continue with all previously ordered conditions. USA Motion to Dismiss Charges 2 and 3-GRANTED. The defendant will be released directly to the assigned Probation Officer to be transported directly to the Drug Treatment Program upon space availability. Appeal Rights Given. Government Counsel: Jeffrey Spivak present. Defense Counsel: Carol Moses present. Custody Status: CUSTODY. Court Reporter/CD Number: Peggy Crawford. (Munoz, I) (Entered: 03/27/2017) |
| 03/28/2017 | 58 | MINUTE ORDER (TEXT ENTRY ONLY) Upon review of Petitioner Devon Dante Harris's motion to vacate, set aside or correct sentence under 28 U.S.C. 2255 51 , motion to dismiss indictment 55 , and motion to produce discovery 56 , the Court believes its decision-making would be aided by the filing of a response/opposition by the Government. The Government shall have until Friday, April 28, 2017 to file any opposition. Petitioner shall have until Wednesday, May 31, 2017 to file a reply signed by Chief Judge Lawrence J. O'Neill on March 28, 2017. (Munoz, I) (Entered: 03/28/2017) |
| 03/28/2017 | | SERVICE BY MAIL: 58 Minute Order served on Devon Dante Harris (Munoz, I) (Entered: 03/28/2017) |
| 03/28/2017 | 59 | JUDGMENT and COMMITMENT FOR REVOCATION OF SUPERVISED RELEASE signed by Chief Judge Lawrence J. O'Neill on March 28, 2017 as to Devon Dante Harris. (Munoz, I) (Entered: 03/28/2017) |
| 03/29/2017 | 60 | OPPOSITION by USA to 51 MOTION to VACATE, Set Aside or Correct Sentence under 28 U.S.C. 2255. (Spivak, Jeffrey) (Entered: 03/29/2017) |
| 03/30/2017 | 61 | MINUTE ORDER (TEXT ENTRY ONLY) Status Conference re: Turning Point set for 4/3/2017 at 08:30 AM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill signed by Chief Judge Lawrence J. O'Neill on March 30, 2017. (Munoz, I) (Entered: 03/30/2017) |
| 04/03/2017 | 62 | MINUTES (Text Only) for proceedings before Chief Judge Lawrence J. O'Neill: STATUS CONFERENCE re: Turning Point as to Devon Dante Harris held on 4/3/2017 and continued to 4/17/2017 at 08:30 AM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill. Government Counsel: Jeffrey Spivak present. Defense Counsel: Carol Moses present. Custody Status: CUSTODY. Court Reporter/CD Number: Peggy Crawford. (Munoz, I) (Entered: 04/03/2017) |
| 04/07/2017 | 63 | LETTER from Devon Harris. (Gonzalez, R) (Entered: 04/10/2017) |
| 04/07/2017 | 64 | MOTION to Proceed In Pro Persona without Consel, by Devon Dante Harris. (Gonzalez, R) (Entered: 04/10/2017) |

| 04/07/2017 | 65 | MOTION to Dismiss, Motion to Proceed In Pro Persona and Continue with Counsel, by Devon Dante Harris. (Gonzalez, R) (Entered: 04/10/2017) |
| 04/07/2017 | 66 | MOTION to be Evaluated and Diagnosed by a Psychiatrist, by Devon Dante Harris. (Gonzalez, R) (Entered: 04/10/2017) |
| 04/11/2017 | 67 | MINUTE ORDER (TEXT ENTRY ONLY) Status Conference set for 4/17/2017 at 08:15 AM in Courtroom 4 (LJO) before Chief Judge Lawrence J. O'Neill signed by Chief Judge Lawrence J. O'Neill on April 11, 2017. NOTE: NEW TIME 8:15A.M. (Munoz, I) (Entered: 04/11/2017) |
| 04/17/2017 | 68 | MINUTES (Text Only) for proceedings before Chief Judge Lawrence J. O'Neill: RE-SENTENCE RE VIOLATION PETITION as to Devon Dante Harris held on 4/17/2017. The Court was notified that no inpatient drug treatment program was available that would adequately secure the defendant's current drug issues and criminal history. The sentencing hearing held on 3/27/2017 is being amended forthwith. Supervised release granted on August 27, 2007, is hereby revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of 18 months. No supervision to follow. Appeal Rights Given. Government Counsel: Ross Pearson present. Defense Counsel: Carol Moses present. Custody Status: CUSTODY. Court Reporter/CD Number: Peggy Crawford. (Munoz, I) (Entered: 04/17/2017) |
| 04/17/2017 | 69 | TRANSCRIPT REQUEST for proceedings held on 3/27/17, 4/3/17, 4/17/17 before Judge O'Neill. Court Reporter Peggy Crawford. (Moses, Carol) (Entered: 04/17/2017) |
| 04/18/2017 | 70 | TRANSCRIPT of Proceedings as to Devon Dante Harris held on 3/27/2017, Sentence re Violation Petition, before Chief Judge Lawrence J. O'Neill, filed by Court Reporter Peggy Crawford, Phone number 559-266-3789 E-mail peggycrawford@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 5/11/2017. Redacted Transcript Deadline set for 5/19/2017. Release of Transcript Restriction set for 7/17/2017. (Crawford, P) (Entered: 04/18/2017) |
| 04/18/2017 | 71 | TRANSCRIPT of Proceedings as to Devon Dante Harris held on 4/3/2017, Status Conference re Turning Point, before Chief Judge Lawrence J. O'Neill, filed by Court Reporter Peggy Crawford, Phone number 559-266-3789 E-mail peggycrawford@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 5/11/2017. Redacted Transcript Deadline set for 5/19/2017. Release of Transcript Restriction set for 7/17/2017. (Crawford, P) (Entered: 04/18/2017) |
| 04/18/2017 | 72 | TRANSCRIPT of Proceedings as to Devon Dante Harris held on 4/17/2017, Status Conference re Sentence, before Chief Judge Lawrence J. O'Neill, filed by Court Reporter Peggy Crawford, Phone number 559-266-3789 E-mail peggycrawford@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 5/11/2017. Redacted Transcript Deadline set for 5/19/2017. Release of Transcript |

| | | |
|---|---|---|
| | | Restriction set for 7/17/2017. (Crawford, P) (Entered: 04/18/2017) |
| 04/18/2017 | 73 | FIRST AMENDED JUDGMENT and COMMITMENT FOR REVOCATION OF SUPERVISED RELEASE signed by Chief Judge Lawrence J. O'Neill on April 18, 2017 as to Devon Dante Harris. (Munoz, I) (Entered: 04/18/2017) |
| 04/18/2017 | 74 | SECOND AMENDED JUDGMENT and COMMITMENT FOR REVOCATION OF SUPERVISED RELEASE signed by Chief Judge Lawrence J. O'Neill on April 18, 2017 as to Devon Dante Harris. NOTE: The Court recommends that the defendant be incarcerated in a TEXAS facility, but only insofar as this accords with security classification and space availability. (Munoz, I) (Entered: 04/18/2017) |
| 04/28/2017 | 75 | NOTICE of APPEAL by Devon Dante Harris. (Moses, Carol) (Entered: 04/28/2017) |
| 04/28/2017 | 76 | APPEAL PROCESSED to Ninth Circuit re 75 Notice of Appeal filed by Devon Dante Harris. Filed dates for Notice of Appeal *4/28/2017*, Complaint *5/14/2015* and Appealed Order / Judgment *4/18/2017*. ** *Fee Status: CJA or IFP granted on 12/10/2015* (Attachments: # 1 Appeal Information) (Flores, E) (Entered: 04/28/2017) |
| 04/28/2017 | 77 | USCA CASE NUMBER 17-10180 for 75 Notice of Appeal filed by Devon Dante Harris. (Marrujo, C) (Entered: 05/01/2017) |
| 04/28/2017 | 78 | USCA CASE NUMBER 17-10180 for 75 Notice of Appeal filed by Devon Dante Harris. (Flores, E) (Entered: 05/02/2017) |
| 05/04/2017 | 79 | NOTICE of APPEAL by Devon Dante Harris. (Sant Agata, S) (Entered: 05/05/2017) |
| 05/05/2017 | 80 | MINUTE ORDER (TEXT ENTRY ONLY) On April 28, 2017, Defense counsel filed a notice of appeal on behalf of Defendant Devon Dante Harris. 75 That notice of appeal was processed and a USCA Case Number (17-10180) assigned 77 . On May 4, 2017, this Court received a notice of appeal directly from Defendant. 79 The second notice of appeal will be disregarded, as an appeal has already been opened signed by Chief Judge Lawrence J. O'Neill on May 5, 2017. (Munoz, I) (Entered: 05/05/2017) |
| 05/05/2017 | | SERVICE BY MAIL: 80 Minute Order served on Devon Dante Harris (Munoz, I) (Entered: 05/05/2017) |
| 05/08/2017 | 81 | NOTICE of CHANGE of ADDRESS as to Defendant Devon Harris, to Nevada Southern Detention Center, 2190 E. Mosquite St., Pahrump, NV 89060. (Marrujo, C) (Entered: 05/09/2017) |
| 05/09/2017 | | RE-SERVICE BY MAIL: 80 Minute Order - CR, served on Devon Dante Harris (Marrujo, C) (Entered: 05/09/2017) |
| 05/12/2017 | 82 | TRANSCRIPT REQUEST for proceedings held on 12/10/15, 12/21/15, 1/25/16, 2/22/16, 5/9/16, 10/12/16, 11/2/16, 12/7/16, 12/14/16, 1/3/17, 1/23/17, 2/27/17 before Judge Thurston, Oberto, Boone, Ishii, McAuliffe, O'Neill. MULTIPLE REPORTERS REQUESTED (Moses, Carol) (Entered: 05/12/2017) |
| 05/22/2017 | 83 | ORDER of USCA as to 75 Notice of Appeal filed by Devon Dante Harris: The motion of appellant's appointed counsel is granted. (Flores, E) (Entered: 05/22/2017) |
| 05/25/2017 | 84 | TRANSCRIPT of Proceedings as to Devon Dante Harris held on 12-21-15, Status Conference before Magistrate Judge Sheila K. Oberto, filed by Court Reporter Karen Hooven, Phone number 559-264-0584 E-mail karenhooven@yahoo.com. Transcript may be viewed at the court public terminal or purchased through the Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/15/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/24/2017. (Hooven, K) (Entered: 05/25/2017) |
| 05/25/2017 | 85 | TRANSCRIPT of Proceedings as to Devon Dante Harris held on 2-27-17, Admission to Violation of Supervised Release before Chief Judge Lawrence J. O'Neill, filed by Court Reporter Karen Hooven, Phone number 559-264-0584 E-mail karenhooven@yahoo.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/15/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/24/2017. (Hooven, K) (Entered: 05/25/2017) |
| 06/08/2017 | 86 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **12/10/2015**, before Magistrate Judge Jennifer L. Thurston. **INITIAL APPEARANCE RE REVOCATION OF SUPERVISED RELEASE HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 87 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **1/25/2016**, before Magistrate Judge Stanley A. Boone. **SECOND STATUS CONFERENCE RE VIOLATION OF SUPERVISED RELEASE HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 88 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **2/22/2016**, before Magistrate Judge Sheila K. Oberto. **THIRD STATUS CONFERENCE HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 89 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **5/9/2016**, before District Judge Anthony W. Ishii. **SENTENCING RE SUPERVISED RELEASE VIOLATION HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court |

| | | |
|---|---|---|
| | | public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 90 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **10/12/2015**, before Magistrate Judge Jennifer L. Thurston. **INITIAL APPEARANCE RE REVOCATION OF SUPERVISED RELEASE HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 91 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **12/14/2016**, before Magistrate Judge Barbara A. McAuliffe. **MODIFICATION RE BAIL REVIEW HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 92 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **1/3/2017**, before Magistrate Judge Sheila K. Oberto. **INITIAL APPEARANCE re SUPERVISED RELEASE VIOLATION HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |
| 06/08/2017 | 93 | TRANSCRIPT of Proceedings as to Devon Dante Harris (1), held on **1/23/2017**, before Magistrate Judge Barbara A. McAuliffe. **FIRST STATUS CONFERENCE HEARING** filed by ECRO, Phone number 559-499-5928 or 559-499-5980, E-mail Fresno_ECRO@caed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction must be filed within 5 court days. Redaction Request due 6/29/2017. Redacted Transcript Deadline set for 7/10/2017. Release of Transcript Restriction set for 9/8/2017. (Rosales, O) (Entered: 06/08/2017) |

**PACER Service Center**

000060

## CERTIFICATE OF SERVICE

COURT:        UNITED STATES COURT OF APPEALS FOR THE
                    NINTH CIRCUIT
CASE:          *United States v. Devon Dante Harris*
CASE NO:      USCA No. 17-10180

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/CCF system on October 11, 2017.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that one of the participants in the case is not a registered CM/ECF user. I have mailed the foregoing document by First Class Mail, postage prepaid to the following non-CM/ECF participant.

                    Dante Harris, Bkg #2192441
                    Lerdo Maximum Facility
                    17645 Industrial Farm Road
                    Bakersfield, CA  93308

/s/ Carolyn D. Phillips

LEGAL MAIL

NOTICE

LEGAL ENVELOPES ARE TO BE USED FOR THE
SOLE PURPOSE OF MAILING LEGAL DOCUMENTS
TO THE COURTS, MEMBERS OF THE STATE BAR, THE
STATE BOARD OF CORRECTIONS, HOLDER OF A
PUBLIC OFFICE. THE FACILITY/JAIL/WARDEN OR
ANY FACILITY MANAGER IF USED FOR ANY OTHER
PURPOSE, MAIL WILL NOT BE SENT AND INMATE
MAY BE SUBJECTED TO DISCIPLINARY ACTION.

#22337777

Deon D. Harris Jr.
17801 Industrial Farm Rd.
Bakersfield CA
93308

CLERK OF COURT
411 WEST FOURTH STREET, SUITE 1053
SANTA ANA CALIFORNIA
92701-4516

